■ In the Matter of HENRY C. RAAB, Petitioner, v. ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.— REYNOLDS, J. Proceeding pursuant to CPLR article 78 (transferred to this court from Supreme Court, Albany County, pursuant to CPLR 7804), seeking the review of a determination of the Comptroller of the State of New York approving, after a hearing held in accordance with section 74 of the Retirement and Social Security Law, the application of the Board of Trustees of the Village of Ardsley, New York, for the ordinary disability retirement of the petitioner (Retirement and Social Security Law, § 62). While off duty on October 26, 1962 petitioner, then Police Chief of the Village of Ardsley, suffered an antero-septal-lateral myocardial infarction for which he was hospitalized until December 5, 1962. On June 17, 1963 after attempting to convince petitioner he should voluntarily retire, the Mayor of the village applied to the New York State Employees' Retirement System for petitioner's service retirement. On June 25, 1963 the Comptroller voided this application holding that only the member, or if incompetent his committee, could apply for service retirement. Thereupon the Board of Trustees of the village on July 4, 1963 terminated petitioner's employment. This action petitioner contested and on January 27, 1964 the Appellate Division, Second Department, ordered his reinstatement holding that section 62 of the Retirement and Social Security Law vested the Comptroller with exclusive and final authority to retire a member of the State Employees' Retirement System on the grounds of physical disability (*Matter of Raab* v. *Board of Trustees of Vil. of Ardsley,* 20 A D 2d 228). Then on March 23, 1964 the Board of Trustees applied, as police commissioners, to the retirement system for petitioner's retirement on the grounds of ordinary disability. It is the granting of this application which is sought to be reviewed in the instant proceeding. Petitioner asserts that the Comptroller's determination that he is " physically incapacitated for the performance of his duties as Police Chief of the Village " is not supported by substantial evidence. Of course, since this issue is factual, if there is substantial evidence supporting the Comptroller's findings his decision is final (e.g., *Matter of Demma* v. *Levitt,* 11 N Y 2d 735). Here we find present only a conflict of medical opinion as to petitioner's physical ability to perform his duties. We cannot agree with petitioner that testimony of the village's experts was so lacking in probative value that it cannot be considered as substantial evidence to uphold the Comptroller's decision. Nor do we find any merit in petitioner's contention that the determination must be set aside because it is contrary to the finding of the Medical Board. Subdivision b of section 74 of the Retirement and Social Security Law now clearly vests the final determination of the issue here involved with the Comptroller. The finding of the Medical Board on medical issues is no longer conclusive as it was at the time of *Matter of Nash* v. *Brooks* (276 N. Y. 75) ; it is now purely advisory. Determination confirmed and petition dismissed, without costs. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.