■ In the Matter of the Claim of HERMAN A. STUHL, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 22, 1967, disqualifying claimant from benefits effective April 10, 1967, on the ground of unavailability for employment. (Labor Law, § 591, subd. 2.) Claimant, a college graduate, was employed as administrative assistant to the president of a garment manufacturing company and lost his job in January, 1967 due to an internal shake-up. He became self-employed on May 1, 1967. Although he contends that he answered advertisements for jobs and contacted prospective employers, he was unable to present any satisfactory evidence of his job efforts, and kept no records of such efforts. The finding that he must be deemed unavailable for employment by reason of the almost complete absence of verifiable job efforts is supported by the record. The factual issues, including credibility, are within the province of the board, and there is sustain evidence to sustain its determination. (*Matter of Knobloch [Catherwood]*, 28 A D 2d 765; *Matter of Klapper [Catherwood]*, 29 A D 2d 592.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.

■ In the Matter of the Claim of MAL MORGAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— HERLIHY, J. Appeal by the claimant from a determination of the Unemployment Insurance Appeal Board which held him ineligible to receive benefits and that he made a willful false representation. While it is exemplary that he should have the desire to seek employment, it is likewise important that he comply with the rules and regulations of the Unemployment Insurance office. As we have stated on prior occasions, the volume of the business of the agency is such that altering booklets and other forms, and failure to report to the office in accordance with duly assigned dates are sufficient reasons for determining the applicant ineligible for benefits. Additionally, unauthorized alterations of an official entry in the claimant's insurance booklet is sufficient to constitute willful misrepresentation. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Herlihy, J.