■ In the Matter of the Claim of Leo J. McDonald, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.— Memorandum by the Court. Appeal by the claimant from a decision of the Unemployment Insurance Appeals Board, filed May 9, 1968, which sustained a determination of the respondent that the claimant was ineligible to receive benefits. The board found that the claimant had not demonstrated that he was in the labor market by making diligent efforts to find employment. The claimant contended that because of his age he was unable to obtain such employment. The issue of active and diligent effort to obtain employment is a factual one and there is substantial evidence to sustain the board's determination. (See *Matter of Pisani* [*Catherwood*], 31 A D 2d 573.) Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court.

■ Kingston Urban Renewal Agency, Appellant, v. Strand Properties, Inc., Respondent.— Cooke, J. Appeal from an order of the County Court of Ulster County, entered April 26, 1968, which confirmed a report of commissioners of appraisal which based their award on the value of the land plus the replacement cost of the building thereon less depreciation. Formerly used for a banking institution on the ground floor and for office and loft purposes on the upper two stories, at the time of appropriation the structure was rented to and used by a volunteer social service agency. Defendant's president and sole stockholder, a restauranteur, had thoughts of utilizing the premises as a public eating place. Clearly, the building lacked such uniqueness as to be regarded as a specialty and, in the absence of a clear showing of such a status and no reason having been advanced for reliance solely upon cost, the award could not be predicated solely on land value plus the cost of improvements (*City of Binghamton* v. *Rosefsky*, 29 A D 2d 820; *Levine* v. *State of New York*, 24 A D 2d 524; *Guthmuller* v. *State of New York*, 23 A D 2d 597). Determinations thus bottomed on an erroneous principle of law must, of course, be rejected (*Matter of Huie* [*Fletcher*], 2 N Y 2d 168, 171; *Matter of Ford* [*Swartwout*], 26 A D 2d 980). Although evidence of reproduction cost less depreciation was admissible as an element or circumstance to be considered along with all other circumstances in arriving at a proper award, it was not admissible as a measure of damages (*Matter of Huie* [*Fletcher*], supra; *Matter of City of New York* [*Blackwell's Is. Bridge*], 198 N. Y. 84, 88; *Evans* v. *State of New York*, 31 A D 2d 565; *Tilo Co.* v. *State of New York*, 30 A D 2d. 743; *New York State Elec. & Gas Corp.* v. *Hotel Gibber*, 28 A D 2d 1042; *Bond* v. *State of New York*, 24 A D 2d 778; 5 Nichols, Eminent Domain [3d ed.], § 20.2 [1]). Order reversed, on the law and the facts, without costs, and proceeding remitted to the County Court of Ulster County for remittal to the same or new commissioners of appraisal for further proceedings. Herlihy, P. J., Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.