■ In the Matter of the Claim of JEANINE ANDREWS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 27, 1975, which held claimant willfully made false statements in order to obtain benefits, by reason of which a forfeiture of eight effective days was imposed as a penalty. The board found that claimant was responsible for an alteration in her insurance booklet. Unauthorized alterations are sufficient to constitute willful misrepresentation *(Matter of Morgan [Catherwood],* 30 AD2d 595). Questions of fact and credibility are raised and are solely within the province of the board whose determinations are supported by substantial evidence and must be affirmed. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of ROCHELLE STEINHORN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 17, 1975, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner holding that the claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause. The record supports the finding by the board that claimant left her employment without good cause. That determination, supported by substantial evidence in this record, should not be disturbed *(Matter of Kansky [Catherwood],* 27 AD2d 887). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of SAMUEL S. SCHACHTER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 1975, which adopted and affirmed a referee's decision sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits to February 6, 1975 because claimant was not available for employment (Labor Law, § 591). The record establishes minimal job seeking efforts and shows that claimant was not actively in the labor market. The issue of active and diligent effort to obtain employment is a factual issue *(Matter of McDonald [Catherwood],* 33 AD2d 594). There is substantial evidence to sustain the board's determination. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.