■ In the Matter of the Claim of RONALD IORIO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 1974, which reversed a decision of a referee and sustained an initial determination of the Industrial Commissioner holding claimant ineligible for benefits on the ground that he was not available for employment (Labor Law, § 591, subd 2). On the instant record it cannot be said that the board's determination is not supported by substantial evidence, and it must, therefore, be affirmed (e.g. *Matter of McDonald [Catherwood]*, 33 AD2d 594). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

■ In the Matter of ELWIN B. CLARK, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to annul a determination of the State Comptroller disapproving petitioner's application for accidental disability retirement (Retirement and Social Security Law, § 363). The Comptroller's determination disapproving petitioner's application for accidental disability retirement is factual and thus, if supported by substantial evidence, must be affirmed since "exclusive authority" to render decisions on retirement applications is vested in the Comptroller (Retirement and Social Security Law, § 374, subd b; *Matter of Demma v Levitt*, 11 NY2d 735; *Matter of Croshier v Levitt*, 5 NY2d 259). The Comptroller's denial of petitioner's application is based on a finding that petitioner is not incapacitated for performance of his duties as a patrolman as the natural and proximate result of the accidents he sustained. This finding is supported by medical testimony in the record as a whole and, thus, the Comptroller's determination should be affirmed (e.g. *Matter of Cohen v Levitt*, 36 AD2d 992, mot for lv to app den 29 NY2d 486; *Matter of Raab v Levitt*, 24 AD2d 912). At most the record contains conflicting medical testimony, and the evaluation of such testimony by the Comptroller must be accepted (e.g. *Matter of Cunningham v Levitt*, 40 AD2d 915; *Matter of Raab v Levitt, supra)*. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

■ In the Matter of THOMAS COFFEY, Respondent, v NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents, and COMPTROLLER OF THE STATE OF NEW YORK, Appellant.—Appeal from an order of the Supreme Court at a Trial Term, entered April 11, 1975 in Albany County, supplemental to a judgment of the same court, entered November 22, 1972, which directs appellant to pay petitioner interest on said judgment to the date of payment. Judgment affirmed, with costs, on the opinion of Mr. Justice Hughes at Special Term (cf. *Matter of Brodsky v Murphy*, 25 NY2d 518; *McGraw v Gresser*, 226 NY 57). Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.