■ In the Matter of GEORGE A. BERNARDO, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, and as Administrative Head of the New York State Policemen's and Firemen's Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in Albany County) to review a determination made by the State Comptroller on March 28, 1975, which denied petitioner's application for accidental disability

retirement. The petitioner, a member of the New York State Policemen's and Firemen's Retirement System (System), who was employed as a patrolman by the Nassau County Police Department, was involved in two incidents in which he allegedly sustained neck and/or back injuries. The first incident occurred on April 17, 1960 when a patrol car he was operating was struck in the rear; the second occurred October 28, 1966 when an instructor in a judo class conducted by the police department lifted petitioner off his feet, which resulted in pain in petitioner's neck and back. Following the first incident he received emergency treatment, X rays of the cervical area, ultrasonic treatments, and traction treatments. He was on sick leave for about six months between April 17, 1960 and March, 1961, and, thereafter, for three or four months each year, up to October, 1966. Following the second incident he was treated by a physician to whom he was referred by the police department doctor, and later in 1967 he was given treatment by traction in a hospital for two weeks. Petitioner filed an application for accidental disability retirement on August 25, 1967 which was disapproved on December 20, 1967. He made a timely request for a redetermination pursuant to which hearings were held at which two doctors testified for petitioner and two in behalf of the respondent. On April 28, 1969 the Comptroller made a final determination denying petitioner's application. An article 78 proceeding instituted by the petitioner was transferred to this court and, on October 26, 1970, the determination was unanimously confirmed *(Matter of Bernardo v Levitt,* 35 AD2d 778). In July, 1973 petitioner, stating that his condition had worsened to the extent that he was "now totally disabled", requested the System to review his file for possible reconsideration and the right to submit a new application. The requests were granted and, on October 29, 1973, petitioner (then under age 60, and a member of the System) filed a new application for accidental disability retirement based upon the same two accidents on which his 1967 application had been based. The 1973 application was disapproved on March 21, 1974 upon the ground that petitioner "is not permanently physically incapacitated for the performance of duty as a patrolman, or for similar duties." Pursuant to petitioner's timely request for a redetermination, hearings were held on September 11, November 8, and December 18, 1974, and, on March 28, 1975, the application was denied. It is that determination which this proceeding seeks to review. As observed by the hearing officer, it is obvious that the confirmance by this court of the respondent's determination of April 28, 1969 could not be reviewed by him. The issue then, is whether there was substantial evidence to support a finding that petitioner's condition has deteriorated substantially since the 1969 determination. Petitioner testified that his condition as of the September 11, 1974 hearing was such that he could walk only about four blocks because severe pain then starts, and that he cannot sit for any length of time or climb without pain. He also related that he had retired from the police department as of August 15, 1974. The medical evidence offered by petitioner with respect to the two accidents in which he was involved consisted of the testimony of two orthopedic specialists, neither of whom had treated him and each of whom had examined him on one occasion only, after the present application for accidental disability retirement was made. One, Dr. Feingold, testified that petitioner showed evidence of degenerative arthritis but that he could not associate that condition with petitioner's prior history because he had not seen the X rays of 1960 and 1966, nor could he state with reasonable medical certainty that the 1966 accident exacerbated a prior condition. He stated he could only testify on what he found on June 21, 1974 (the date he

examined petitioner). Thus, his testimony did not present a standard upon which a finding could be predicated that petitioner's condition had deteriorated since the prior proceeding. Dr. Gershman, the second of the two orthopedic specialists called by petitioner, examined him on July 24, 1974. The doctor expressed an opinion that the injuries sustained by petitioner in 1960 and 1966 are "progressive in nature" and that progressive means "getting worse" but he testified also that he had not seen any prior medical records or hospital records relating to the alleged injuries. Dr. Roth, the medical expert called by the System, in formulating his opinion that there had not been substantial deterioration in petitioner's condition, considered prior medical and hospital records and prior X-ray reports and X rays as well as his own examination on February 6, 1974, and X rays taken at his request at the same time. From the foregoing, it is clear that there was no medical evidence presented to sustain the claim by petitioner of deterioration in his physical condition but only evidence of that condition on the dates of his testimony and of the examinations by the two physicians he called. On the other hand, as was found, Dr. Roth's testimony was persuasive that there has not been substantial deterioration in petitioner's condition. Additionally, there was substantial evidence to support the determination that causal relationship between the two accidents and petitioner's condition was not established. Dr. Roth testified that "I don't see any causal relationship on the basis of medical information I have had, including my own examination as permitted by the claimant." Dr. Feingold stated that the condition he found (degenerative arthritis in both the lumbar and cervical areas) "can come about through aging without any traumatic assistance". Pursuant to subdivision b of section 374 of the Retirement and Social Security Law, the Comptroller is vested with "exclusive authority" to determine all applications for any kind of retirement. As this court said in *Matter of Clark v Levitt* (50 AD2d 695): "The Comptroller's denial of petitioner's application is based on a finding that petitioner is not incapacitated for performance of his duties as a patrolman as the natural and proximate result of the accidents he sustained. This finding is *supported by medical testimony* in the record as a whole and, thus, the Comptroller's determination should be affirmed (e.g. *Matter of Cohen v Levitt,* 36 AD2d 992, mot for lv to app den 29 NY2d 486; *Matter of Raab v Levitt,* 24 AD2d 912). *At most* the record contains *conflicting medical testimony,* and *the evaluation* of such testimony by the Comptroller must be accepted (e.g. *Matter of Cunningham v Levitt,* 40 AD2d 915; *Matter of Raab v Levitt, supra)."* (Emphasis supplied.) Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.