## (February 17, 1977)

■ In the Matter of CHARLES GODDEAU, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller of the State of New York which denied petitioner's application for disability retirement benefits. Petitioner was a mason-plasterer employed since 1960 by the State University of New York at Plattsburgh. At the time of his injury in June of 1969, machinery slipped as it was being loaded and hit claimant in the foot and right knee. Petitioner reported this injury to his supervisor the next day. His attending physician diagnosed the condition in the knee as arthritis and recommended cortisone tablets. Subsequently, petitioner was operated on by another doctor who did a bone graft. After petitioner went back to work around February, 1970, however, he developed deep vein phlebitis some six weeks later. In March, 1971, he was operated on again. Eventually, he was diagnosed as having tuberculosis in the right knee. Petitioner has been retired on "service" retirement since May 29, 1972. Although the doctor suspected tuberculosis at the time of each operation, it was not finally diagnosed until after the second operation. Petitioner's doctor testified "injury in tuberculous patients oftentimes produces a swollen joint which later becomes tuberculous * * * probably because the bugs were circulating through the blood at the time, found a favorable site for growth in the joint injury and there reproduced and caused the infection. So that it might be considered causal on the basis of causing the local symptoms and perhaps the local infection, but not causing the disease". The doctor further testified that a drug such as cortisone could aggravate an existing tubercular condition in the joint. The doctor testified that with the petitioner having tuberculosis latently in his system "it lighted up when the tissue got injured" and found causal relationship. Respondent's doctor stated that his diagnosis for petitioner's condition was tuberculosis of his right knee, that the tuberculosis had reached the knee by means of petitioner's bloodstream and that, although petitioner was disabled, his disability was not related to the accident of June 23, 1969. Respondent's doctor specifically disagreed with the finding of the petitioner's doctor and the opinion that the injury in question established "a focus for localization of tuberculous infection" in petitioner's knee. He further stated that the injury of June 23, 1969 described by the patient did not innoculate the joint with tubercle bacilli, which is the cause of tubercular arthritis. On such a conflict of medical opinion, the Comptroller possesses the authority to accord greater weight to the testimony of one doctor over the other *(Matter of Currie v Davenport,* 37 NY2d 472; *Matter of Bernardo v Levitt,* 53 AD2d 764; *Matter of Clark v Levitt,* 50 AD2d 695). The medical testimony in this record provides substantial evidence to support the Comptrol-

ler's determination and, therefore, that determination should be affirmed (Retirement and Social Security Law, § 74, subd b; *Matter of Hazell v Levitt,* 26 AD2d 728). Determination confirmed and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.