■ LOUIS J. FRANK, as Commissioner of the Nassau County Police Department, et al., Appellants-Respondents, v ARTHUR LEVITT, State Comptroller, as Administrative Head of the New York State Policemen's and Firemen's Retirement System, et al., Respondents, and GEORGE PEARSALL, Respondent-Appellant.—In an action to declare that the State Comptroller must accept applications for ordinary disability retirement of disabled policemen when tendered without their consent by the head of the Nassau County Police Department, plaintiffs appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County, entered August 3, 1977, as denied their motion for summary judgment and declared that the State Comptroller, as head of the New York State Policemen's and Firemen's Retirement System, acted properly in refusing to accept applications for ordinary disability retirement made without the consent of the policemen involved. Defendant George Pearsall appeals from so much of the same order and judgment as dismissed his counterclaim as barred by the Statute of Limitations. Order and judgment modified, on the law, by deleting the first and second decretal paragraphs thereof and substituting therefor provisions (1) granting plaintiffs' motion for summary judgment and (2) declaring that defendant Arthur Levitt, as head of the New York State Policemen's and Firemen's Retirement System, cannot legally refuse to accept for filing the applications for ordinary disability retirement allowances for policemen made by the head of the Nassau County Police Department without the policemen's consent. As so modified, order and judgment affirmed, without costs or disbursements. Our decision herein necessarily determines that the counterclaim of defendant George Pearsall is barred by the Statute of Limitations (see CPLR 217). The only other issue properly before us is whether, pursuant to subdivision a of section 362 of the Retirement and Social Security Law, the "head" of a police department may submit an application for a member's ordinary disability retirement without that member's consent. We hold that he may. Section 362 provides, *inter alia:* "a. Application for an ordinary disability retirement allowance for a member may be made by: 1. Such member, or 2. The head of the department in which such member is employed, or 3. Some person acting on

behalf of *and authorized by* such member" (emphasis supplied). If the intent of the Legislature in adopting section 362 had been, as defendants' contend, to deny the head of a department the right to submit an application for ordinary disability retirement on behalf of a member without his assent, then paragraph 2 of subdivision a would have been unnecessary, as an *authorized* application may be submitted by anyone on the member's behalf pursuant to paragraph 3. By the same token, had the Legislature intended to make the right given to the head of the department pursuant to paragraph 2 contingent upon the member's consent, it could have easily so provided, as it did in paragraph 3. Reading paragraphs 2 and 3 together, however, the unmistakable inference is that the difference in language was intended to work a difference in result and that the assent of the member is not required under paragraph 2 (see *Matter of Raab v Levitt,* 24 AD2d 912). We decide no other issues. The determination of the application on the merits is vested exclusively in the Comptroller (Retirement and Social Security Law, § 374, subd d), subject to review only by way of a CPLR article 78 proceeding (Retirement and Social Security Law, § 374, subd d; see *Matter of Bernardo v Levitt,* 53 AD2d 764). Hopkins, J. P., Martuscello, Latham and Gulotta, JJ., concur.