■ In the Matter of JOHN S. D'AGOSTINO, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Comptroller, which denied petitioner's application for accidental disability retirement and denied petitioner's request to reopen his hearing. Petitioner was injured on August 5, 1975 while performing his duties as a Deputy Sheriff of Suffolk County and thereafter he applied for an accidental disability retirement allowance, contending that he was permanently disabled from performing his duties as a result of the injuries sustained on August 5, 1975. By an initial determination dated November 12, 1976, respondent denied petitioner's application upon the ground that he was not permanently disabled. Petitioner was, however, granted leave to request re-evaluation of his application at least six months but not more than nine months after the date of the initial determination. Petitioner requested a hearing on the denial of his application and hearings were held on February 16, June 9 and June 29, 1977 at which petitioner and his physician testified on his behalf and two physicians testified on behalf of the retirement system. Respondent denied petitioner's application by final determination dated December 21, 1977, and by letter dated April 4, 1978, petitioner's attorney sought to reopen the hearing so that updated medical reports could be considered. When this request was denied petitioner commenced the instant CPLR article 78 proceeding. The initial question raised by petitioner is whether respondent's determination that petitioner was not permanently disabled from performing his duties as a Deputy Sheriff is supported by substantial evidence in the record. Petitioner's physician testified that in his view petitioner was unable to perform the duties of Deputy Sheriff, while Dr. Bloom was of the opinion that petitioner would have some difficulty performing his duties, particularly those involving driving or any sudden violent activities. Dr. O'Connor, on the other hand, testified that he could find no organic underlying evidence of a disability which would preclude petitioner from carrying out his duties. Where the record contains conflicting medical evidence, the Comptroller's evaluation of such evidence will generally be accepted by this court (e.g., *Matter of Yank v Levitt,* 60 AD2d 665; *Matter of Clark v Levitt,* 50 AD2d 695, mot for lv to app den 38 NY2d 711), and the Comptroller may accord greater weight to the opinion of one doctor over that of another *(Matter of*

*Goddeau v Levitt,* 56 AD2d 681). Accordingly, we find respondent's determination supported by substantial evidence. Petitioner's contention that Dr. O'Connor's opinion is based upon a misapprehension of the length of time between the accident and his examination of petitioner is belied by Dr. O'Connor's report which correctly notes the date of the accident, the date of the examination and the elapsed time between the two events. At most, the doctor's error in his testimony at the hearing as to the elapsed time raised a question of credibility which was for respondent to resolve. Next, petitioner contends that the denial of his request to reopen the hearing so that updated medical reports could be considered was arbitrary and capricious. We conclude, however, that since the time within which to apply for re-evaluation granted by the initial determination had elapsed, and since petitioner made no mention of what the updated reports might show, respondent did not abuse his discretion in denying petitioner's request. Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Herlihy, JJ., concur.