■ In the Matter of LEO C. MATHEWS, JR., Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement. The petitioner, a New York State Correction Officer, began his employment with the State at the Clinton Correctional Facility (hereafter Dannemora) on January 18, 1964. On March 18, 1966 at Dannemora, petitioner, while ascending steps to a guard tower, fell about 12 feet to a steel landing, as a result of which he severely bruised his lower back. Immediately thereafter, petitioner began to experience back pain. He testified that he had never before experienced back pain or any other difficulty with his back. Petitioner was out of work for some time, but returned to duty, though he occasionally missed work because of his back condition. On December 5, 1970, while on duty at Dannemora, the petitioner was involved in a scuffle with a prisoner, as a result of which he was knocked over backwards and landed on his low back area. After being out of work for a few weeks, petitioner returned to duty, but frequently lost time because of the low back problems. In January of 1975, claimant was declared disabled and ordered not to return to work by the doctor for the State Employees Health Service in Albany. Petitioner's application for accidental disability retirement benefits pursuant to section 63 of the Retirement and Social Security Law was denied after a hearing, upon the ground that the incapacitation was due not to either fall, but to a preexisting degenerative disc disease, and he now seeks review of that denial contending that the record provides no support for the Comptroller's determination. It is conceded that the incidents of March 18, 1966 and December 5, 1970 were accidents within the meaning of the Retirement and Social Security Law and that the petitioner is physically incapacitated from performing the duties of a correction officer. Thus, the sole issue here involves causation. The attending and examining physicians both agree that the petitioner is disabled and that the cause of the disability is a protrusion into the neurocanal. However, they disagree as to what caused the protrusion. The attending physician attributes the protrusion to a herniated intervertebral disc and opines that the falls, separately or in conjunction, were of such severity as to drive the disc into the neurocanal. However, the examining doctor contends that the petitioner was afflicted with a preexisting degenerative disc disease which in its natural progression caused a

bulging annulus (ligament) which, in turn, protruded into the neurocanal. As a consequence of these divergent views, we are presented with a classic example of conflicting medical testimony. Without question or doubt, the Comptroller is vested by statute with "exclusive authority" to determine applications for benefits and his independent judgment, when supported by substantial evidence, must be accepted (*Matter of Demma v Levitt*, 11 NY2d 735, 737; *Matter of Croshier v Levitt*, 5 NY2d 259; Retirement and Social Security Law, § 74, subd b). It follows that when conflicting medical testimony is presented, the evaluation of that testimony by the Comptroller must be accepted (*Matter of Caci v Levitt*, 62 AD2d 1101, mot for lv to app den 44 NY2d 648; *Matter of Clark v Levitt*, 50 AD2d 695, mot for lv to app den 38 NY2d 711; see *Matter of Bernardo v Levitt*, 53 AD2d 764; *Matter of Cunningham v Levitt*, 40 AD2d 915). The Comptroller in such a situation possesses the authority to accord greater weight to the testimony of one doctor over the other (*Matter of Currie v Davenport*, 37 NY2d 472; *Matter of Goddeau v Levitt*, 56 AD2d 681; *Matter of Bernardo v Levitt, supra; Matter of Clark v Levitt, supra*). The Comptroller, in the case at bar, chose to find the testimony of the examining doctor more credible and accurate than that presented against it and, since that doctor's testimony provides substantial evidence, the Comptroller's determination must be accepted. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.