■ GEORGE J. LUNN, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner was employed as a police officer with the Spring Valley Police Department. On April 19, 1976, while on duty, he was thrown down a

flight of 13 stairs by a person he was attempting to apprehend, resulting in back injuries. On January 10, 1977, he filed an application with the State Comptroller for accidental disability retirement. The Comptroller conceded at the hearings that petitioner was incapacitated and that the fall on April 19, 1976 was an accident as that term is used in the Retirement and Social Security Law. He held, however, that petitioner's present disability was not related to the injuries sustained on April 19, 1976. At issue is whether there is substantial evidence in the record to support the Comptroller's determination that petitioner's disability was not the natural and proximate result of the April 19, 1976 accident. Dr. Eichenholtz, an orthopedist, examined petitioner at the request of the Retirement System and found that petitioner had "completely recovered from the effects of the described injury on April 19, 1976 and has reached the *status quo ante.*" He concluded that there existed "no possibility of causal relationship between the condition that I diagnosed and the accident that he described." The hearing officer accepted the physician's conclusion and the Comptroller reaffirmed it. The Comptroller's determination is factual and, if supported by substantial evidence, must be confirmed since exclusive authority to render decisions on retirement applications is vested in the Comptroller (Retirement and Social Security Law, § 374, subd b; *Matter of Clark v Levitt,* 50 AD2d 695, mot for lv to app den 38 NY2d 711). The instant determination is supported by medical testimony in the record. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.