◼ In the Matter of ROBERT SICA, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller, which denied petitioner's application for accidental disability retirement. Petitioner, an employee of the Onondaga County Sheriff's Department, was on duty on December 24, 1975, when he came upon a disabled vehicle on Interstate 81. While in the process of setting out flares, petitioner observed a vehicle, apparently out of control, coming toward him. In an effort to avoid being struck, petitioner attempted to jump over a snowbank along the side of the highway, but slipped, with the result that his lower back came in contact with a guardrail hidden by the snowbank.

Shortly thereafter the petitioner began to experience pain and was taken to a hospital where he was examined and advised to rest for a few days. Petitioner returned to the hospital three days later and was examined and treated by an orthopedist. Petitioner continued to undergo treatment and worked only intermittently until September of 1976 when he stopped work entirely. Petitioner then sought the services of a doctor who specialized in the treatment of pain, who, after attending petitioner for a year, referred him to a psychiatrist. On March 7, 1977, the petitioner applied for an accidental disability retirement pursuant to section 63 of the Retirement and Social Security Law. This application was denied and, after a hearing granted at the request of the petitioner, the Comptroller denied the application on his conclusion that the applicant's disability was not a natural and proximate result of the accident of December 24, 1975. The petitioner seeks review of that determination and thus presents the single issue of causation, i.e., whether the petitioner's disability is a natural and proximate result of an accident. The medical evidence is in sharp conflict. The plaintiff's theory, supported by his medical experts, is that the accident of December 24, 1975, caused a physical injury to his back thereby disabling him for approximately one year and that as a consequence thereof he suffered a psychiatric breakdown. On the other hand, the respondents' experts disputed this causal sequence, for in their opinion the December 24, 1975 accident did not result in any physical disability, and a fortiori, was not responsible for the petitioner's subsequent loss of self-respect and mental breakdown. Thus, these divergent opinions present a classic case of conflicting medical opinion. Without question or doubt, the Comptroller is vested by statute with "exclusive authority" to determine applications for benefits and his independent judgment, when supported by substantial evidence, must be accepted (Matter of Demma v Levitt, 11 NY2d 735, 737; Matter of Croshier v Levitt, 5 NY2d 259; Retirement and Social Security Law, § 74, subd b). It follows that "when conflicting medical testimony is presented, the evaluation of that testimony by the Comptroller must be accepted" (Matter of Mathews v Regan, 69 AD2d 970, 971; Matter of D'Agostino v Levitt, 68 AD2d 1008; Matter of Caci v Levitt, 62 AD2d 1101; Matter of Bernardo v Levitt, 53 AD2d 764). Likewise, in such a situation the Comptroller possesses the authority to accord greater weight to the testimony of one doctor over another (Matter of Currie v Town of Davenport, 37 NY2d 472; Matter of Mathews v Regan, supra; Matter of Goddeau v Levitt, 56 AD2d 681). In the case at bar, the respondents' orthopedic surgeon, without equivocation, opined that based upon reasonable medical certainty the petitioner's disability was not causally related to the accident of December 24, 1975, which produced only minor temporary discomfort and was not physically disabling. He attributed the disability to a psychiatric problem that pre-existed the incident. Since this testimony provides substantial evidence to support the Comptroller's determination, we must accept it. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to annul in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. In my view the determination of the Comptroller is not supported by substantial evidence. The testimony of Dr. Harwood, the orthopedic specialist who testified on behalf of the Comptroller, insofar as he expressed a psychiatric opinion, should be rejected. The evidence in this record establishes that while petitioner's physical injury was not of such severity as to be the sole cause of his permanent disability, the injury nevertheless "triggered" or set in motion in him, a

reaction resulting in his psychiatric breakdown and his permanent disability. To the extent that Dr. Harwood's testimony may be said to be in contradiction of this conclusion, in my judgment it is not supported by the evidence in the record and may be disregarded *(Matter of Palermo v Gallucci & Sons,* 5 NY2d 529, 535). In *Matter of Palermo v Gallucci & Sons (supra)* Judge Van Voorhis, in a cogent dissent, stated (p 535): "Medical opinion evidence has no greater probative force than the grounds on which the testimony shows that it is based. It must be viewed in the light of the record as a whole, and evidence which unexplained might be conclusive may lose all probative force when supplemented and explained by other testimony *(Matter of Kopec v. Buffalo Brake Beam-Acme Steel & Maleable Iron Works,* 304 N. Y. 65, 71; *Matter of Reihl v. Town of Amherst,* 308 N. Y. 212, 215-216)." When Dr. Harwood testified that petitioner "is not disabled as a result of the accident of 1975", he was responding to the question concerning the petitioner's physical disability, and he answered from an orthopedic standpoint, not from a psychiatric point of view. Dr. Harwood made this distinction clear when he stated that he did not pass judgment on the connection between petitioner's incident in 1975 and his emotional and/or psychiatrict problem. Moreover, the hearing officer preserved that orthopedic-psychiatric distinction throughout the hearing. Dr. Harwood did opine that petitioner's disability was in his back because that was where he centered his problems to be and that he could have picked it to be in his right ear or big toe. However, Dr. Harwood admitted that his opinion may be just a guess. He then stated that the basis for his guess was his "observations of people who have been injured or struck in the back and are taken to the emergency room and then sent home and then come in to see their doctor a while later." The difficulty with Dr. Harwood's observations is that the record indicates petitioner is not such a person. Petitioner's undisputed medical history is substantially different. Petitioner's history is that of a person who had substantial complaints shortly after the accident and continuously thereafter. He was also under continuous medical care from the beginning. Dr. Harwood indicated that he obtained a very meager medical history from the patient. It is obvious from the record that Dr. Harwood was not familiar with many of the details of petitioner's medical history and apparently had other persons in mind when he testified. Surmise and conjecture are inappropriate foundations for an opinion. Therefore, Dr. Harwood's psychiatric conclusions relating to the question of whether petitioner's psychiatric disability was the natural and proximate result of the accident of December 24, 1975 should be rejected. The determination should be annulled and the matter remitted for further proceedings.