■ In the Matter of SAM STEVENS, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller, which disapproved petitioner's application for accidental disability retirement. Petitioner was a corrections officer who received a beating at the hands of inmates at the Arthur Kill Correctional Facility on April 1, 1976. While conceding that petitioner sustained an accident and that he is now incapacitated for the performance of his duties, the Comptroller disapproved petitioner's application for accidental disability retirement on the basis that the disability was not the natural and proximate result of the accident. Thus, the only issue presented for our review in this transferred article 78 proceeding is whether there is substantial evidence to support the Comptroller's determination that petitioner's disability was not causally related to his accident. As we have often stated, the Comptroller is vested with exclusive authority to determine applications for retirement benefits and his evaluation of conflicting medical testimony must be accepted (Matter of Mathews v Regan, 69 AD2d 970, mot for lv to app den 48 NY2d 610). Although petitioner's physician testified that petitioner had a physical disability which was the natural and proximate result of the April 1, 1976 incident, the two physicians who testified for respondents disputed whether petitioner was even suffering from a physical disability. Their examinations revealed no objective, physical reasons, either orthopedic or neurological, to account for petitioner's condition. Since petitioner did not assert any other explanation for his disabilty, it was reasonable for the Comptroller, having accepted the testimony of the two physicians who felt that any disability which petitioner may have had was not of a physical nature, to conclude that petitioner's disability was not causally related to his April 1, 1976 accident. Accordingly, since the determination of the Comptroller is supported by substantial evidence, it must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.