■ In the Matter of RAYMOND NICOTERA, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller disapproving petitioner's application for accidental disability retirement benefits. On January 7, 1976, the petitioner sustained various injuries in a work-related accident. Two doctors testified, one on behalf of the petitioner, the other on behalf of the respondent. Both doctors agreed that the injury to petitioner's back was an aggravation of a pre-existing condition, as a result of which he would be unable to perform his prior duties. The petitioner's doctor stated that the degenerative changes in the spine, as shown in the X-ray pictures, would be remotely related to his accident. There was evidence that the petitioner had injured his back in prior accidents and the conclusion of his doctor was that the accident aggravated the pre-existing condition and permanently incapacitated the petitioner. The decision of the hearing officer summarized the diagnosis of the doctor who testified for respondent as follows: "Hypertrophic osteoarthritis of the cervical spine. Sacrilization of the transverse processes of the terminal lumbar segment. This diagnosis is unrelated to the injury of January 7, 1976. Applicant aggravated his back and cervical spine on January 7, 1976, but he has recovered from this aggravation * * * and any residual was related to the arthritis and not the aggravation. The accident of January 7, 1976 did not worsen the arthritic condition." Based upon such testimony and the other evidence in the record, the hearing officer found that the petitioner's disability was due to a prior existing arthritic condition not sustained in the accident of January 7, 1976 and that the natural and proximate result of the accident on January 7, 1976 was not permanent disability. The board adopted the findings of the hearing officer. The weight to be given to the testimony of various witnesses, including doctors, is to be decided by the Comptroller and if there is substantial evidence to sustain such finding, this court must confirm (*Matter of Mathews v Regan,* 69 AD2d 970; *Matter of Caci v Levitt,* 62 AD2d 1101; *Matter of Goddeau v Levitt,* 56 AD2d 681). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.