■ In the Matter of FREDERICK W. COOPER, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller, which disapproved petitioner's application for accidental disability retirement. Petitioner, while employed as a Port Authority police officer, allegedly injured his arm while struggling with an individual who had been stopped for questioning. He applied for accidental disability retirement and the Comptroller ultimately denied his application on the basis that he was not incapacitated from the performance of his duties. The sole issue in this proceeding is whether there is substantial evidence to support the Comptrol-

ler's determination. Petitioner's medical expert testified that petitioner was suffering a causaligia described as a severe pain syndrome and stated that he was permanently and totally disabled from the performance of his duties. Respondent's medical expert testified that he could not discover any neurologic cause for petitioner's complaint of pain; that he felt petitioner's sensory loss was not genuine and no nerves were in evidence damaged; that he could not find a pattern of numbness that could be based on nerve damage; and that he found no evidence of neurologic disease. The Comptroller is vested with exclusive authority to determine applications for benefits and his evaluation of conflicting medical testimony must be accepted *(Matter of Stevens v Regan,* 78 AD2d 723; *Matter of Sica v New York State Employees' Retirement System,* 75 AD2d 927, affd 52 NY2d 941). Where a conflict of medical evidence exists, as it does in the present case, the Comptroller possesses the authority to accord greater weight to the testimony of one doctor over the other *(Matter of Goddeau v Levitt,* 56 AD2d 681). Since the medical evidence in the present record provides substantial evidence to support the Comptroller's determination, the determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.