◼ In the Matter of SAM DI PAOLO, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for ordinary disability retirement benefits. Originally employed in 1960 by the City of Rochester as a heavy equipment operator, petitioner sustained back injuries in 1975 and 1977 which necessitated a change in his duties to those of a truck driver foreman. Thereafter, on April 20, 1978, petitioner again injured his back while on the job. Petitioner claimed that he was disabled from performing his duties as a result of these injuries and filed for ordinary disability retirement benefits (Retirement and Social Security Law, § 62) and accidental disability retirement benefits (Retirement and Social Security Law, § 63). After both applications were denied by the Comptroller, petitioner requested a hearing on the ordinary disability retirement application only. Following a hearing, the Comptroller ultimately found that petitioner was not permanently disabled from performing his duties as a truck driver foreman. This transferred article 78 proceeding by petitioner to challenge that determination ensued. It is well settled that in deciding applications for retirement, the Comptroller's evaluation of conflicting medical testimony should be accepted (*Matter of Mathews v Regan*, 69 AD2d 970, mot for lv to app den 48 NY2d 610). In the instant case, where the testimony of the retirement system's doctor indicated that petitioner was not permanently disabled, the Comptroller's determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.