■ In the Matter of WALTER ANDERSON, Petitioner, v EDWARD V. REGAN, as State Comptroller, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner, while employed by the Town of Islip Highway Department as an automotive equipment operator, allegedly injured his back on February 21, 1973 when he was struck by a sand spreader causing him to fall from a truck he was working on. Petitioner applied for accidental disability retirement and the Comptroller ultimately denied this application on the ground that, although petitioner was physically incapacitated for the performance of duty, the disability was not causally related to the accident of February 21, 1973.[*] The sole issue raised in the instant proceeding is whether there is substantial evidence to support the Comptroller's determination. The Comptroller is vested with exclusive authority to determine applications for accidental disability benefits and his evaluation of conflicting medical testimony must be accepted (*Matter of Cooper v Regan,* 84 AD2d 590; *Matter of Sica v New York*

---

* Petitioner filed a prior application for accidental disability retirement alleging an accident to have occurred on June 15, 1972. The application was denied on the ground that the incident did not constitute an accident within the meaning of section 63 of the Retirement and Social Security Law. On oral argument, petitioner's attorney informed this court that he was not challenging that determination.

*State Employees' Retirement System,* 75 AD2d 927, affd 52 NY2d 941). Accordingly, where conflict of medical evidence exists, as it does in this case, the Comptroller possesses the authority to accord greater weight to the testimony of one doctor over the other (*Matter of Cooper v Regan, supra*). Since the testimony of respondent's medical expert provides substantial evidence to support the Comptroller's determination, his determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Yesawich, Jr., and Levine, JJ., concur.