■ In the Matter of MARY P. ROOT, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at

Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement. Petitioner was employed in the laundry room of the Rome Developmental Center. In the course of her duties on May 2, 1975, claimant experienced a pain in her shoulder as the result of lifting a laundry bag which she had difficulty removing from a laundry cart. She was hospitalized for a time thereafter and subsequently returned to work. Petitioner continued to work for her employer until 1978 when she was dismissed although she was out of work intermittently during this period allegedly due to a pain in her shoulder. After her dismissal, petitioner applied for accidental disability retirement benefits which were denied by the Comptroller on November 20, 1979 on the ground that her disability was not the natural and proximate result of an accident sustained in the service upon which her membership was based. A hearing and redetermination was thereafter requested by petitioner. A hearing was held at which conflicting medical testimony was presented concerning the cause of petitioner's disability. By determination dated May 14, 1981, the Comptroller denied petitioner's application based on the conclusion that her disability was not the natural and proximate result of the incident of May 2, 1975 but the result of other causes unrelated thereto. It is this determination which petitioner seeks to annul in the present proceeding. Initially, we would note that the Comptroller's evaluation of the conflicting medical testimony presented must be accepted (*Matter of Marin v New York State Employees' Retirement System,* 84 AD2d 896). Since the testimony of the retirement system's physician supports the conclusion of the Comptroller regarding the cause of petitioner's disability, the determination is supported by substantial evidence and must be confirmed (see *Matter of Nicotera v Regan,* 78 AD2d 932). Petitioner also argues that the hearing officer erroneously applied a substantial evidence standard in reviewing the Comptroller's initial determination. This court has recently found such a contention to be without merit (*Matter of De Giacomo v Regan,* 84 AD2d 629). We have considered petitioner's remaining arguments and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.