■ In the Matter of ROBERT P. FORESTA, Appellant, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to annul a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits pursuant to section 363 of the Retirement and Social Security Law. Petitioner, a police officer for the City of Mt. Vernon, was, on October 27, 1978, on duty and responding to a "burglary in progress" call when the motor vehicle he was operating was in a collision with another vehicle. As a result, petitioner was rendered unconscious and was hospitalized for 19 days. He contends that after his discharge he continued to be afflicted with equilibrium problems and associated nausea and blackouts and that after several attempts to return to work he was unable to perform any regular duties or even light duty. On June 1, 1979, petitioner filed an application for accidental disability retirement benefits. Respondent Comptroller, upon finding that "the applicant is not permanently incapacitated for the performance of duties as a Police Officer", denied the application. Petitioner requested a hearing and redetermination. Hearings were held after

which the hearing officer concluded that petitioner was not permanently disabled and was, therefore, not entitled to benefits. Petitioner first contends that the hearing officer erred in that he applied the substantial evidence test in reviewing the Comptroller's initial determination and failed to make a determination of his own on the basis of the hearing testimony and record. Such a contention is completely refuted by examination of the hearing officer's decision wherein he carefully analyzes the evidence before him and then in accordance with subdivision 1 of section 306 of the State Administrative Procedure Act applied the substantial evidence standard (cf. *Matter of De Giacomo v Regan,* 84 AD2d 629; *Martinez v Blum,* 624 F2d 1). Lastly, petitioner contends that the Comptroller's final decision was not supported by substantial evidence. This contention is also without merit. It has been firmly established that the Comptroller is vested with exclusive authority to determine applications for benefits and when his determination is supported by substantial evidence it must be upheld (*Matter of Berbenich v Regan,* 81 AD2d 732, affd 54 NY2d 792; *Matter of Sica v New York State Employee's Retirement System,* 75 AD2d 927, 928, affd 52 NY2d 941; *Matter of Mathews v Regan,* 69 AD2d 970, 971, mot for lv to app den 48 NY2d 610). Where, as here, there is a conflict of medical evidence, the issue's resolution is for the Comptroller (*Matter of Murgia v Regan,* 90 AD2d 897; *Matter of Lees v Regan,* 87 AD2d 673) who possesses the authority to accord greater weight to the testimony of one doctor over that of another (*Matter of Goddeau v Levitt,* 56 AD2d 681) and whose evaluation of conflicting medical testimony must be accepted (*Matter of Cooper v Regan,* 84 AD2d 590). The testimony of Dr. Cohen who found, *inter alia,* no neurological cause or disease and an absolute lack of any objective abnormality in the vestibular function provides substantial evidence to support the Comptroller's determination and it should be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Casey and Weiss, JJ., concur.