(November 17, 1983)

■ In the Matter of JOHN WALKER, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. At the time of the accident on February 29, 1976, petitioner was employed by the Bronx Psychiatric Center as a safety officer. Petitioner testified that he was playing basketball in a gym at the center while off duty when word was received that a patient was escaping. Petitioner attempted to assist another officer in subduing the patient. He threw a cross body block at the patient. Both petitioner and the patient hit the sidewalk and petitioner's leg hit something. He then felt pain in his leg. A blood clot later developed in the lower femoral artery and petitioner's leg was amputated above the knee. Respondent Comptroller denied petitioner's application for accidental disability retirement on the ground that petitioner's conceded incapacitation was not the proximate result of the accident which he sustained on February 29, 1976. The sole issue presented in this proceeding is whether that determination is supported by substantial evidence. The determination of the Comptroller should be confirmed and the petition dismissed. The Comptroller was confronted with conflicting medical opinions in this case. In such cases, the Comptroller has the authority to evaluate the medical testimony and to accord greater weight to one doctor's opinion over another (*Matter of Anderson v Regan*, 86 AD2d 925, mot for lv to app den 56 NY2d 504; *Matter of Augustine v Regan*, 81 AD2d 708). Medical testimony was presented by Dr. Duryee on behalf of petitioner tending to show a causal relationship. Medical testimony was also presented by Dr. Eichenholtz on behalf of the retirement system showing that petitioner's disability was not the result of the described accident. Both doctors examined petitioner after his leg had been amputated. They based their opinion as to causation on their examination as well as the hospital records. Dr. Eichenholtz testified that, in his opinion, it would not have been possible for a blood clot to occur as a result of the accident in question. He felt the blood clot was caused by the acute flexing of the leg. Petitioner's witness, Dr. Duryee, stated that the incident of February 29, 1976 caused a tear in the lining of an artery, gradually forming a clot, which necessitated an amputation. Thus, where, as here, the medical testimony is conflicting, the Comptroller's evaluation must be accepted (*Matter of Root v Regan*, 90 AD2d 654; *Matter of Sica v New York State Employees' Retirement System*, 75 AD2d 927, affd 52 NY2d 941). Dr. Eichenholtz' testimony, if believed, provides substantial evidence to support the determination of respondent Comptroller. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.