■ In the Matter of ARTHUR P. LEO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York and Administrative Head of the New York State Employees' Retirement System, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a 46-year-old tree foreman employed by the City of Rochester, slipped on a patch of ice and landed on his back on April 11, 1979. He later explained that he felt paralyzed from the waist down for approximately 20 minutes after the fall, but returned to work for the balance of the day. An examination at a hospital that evening resulted in a diagnosis of "sacral contusion". He was advised that the pain would continue for a substantial period of time. Petitioner returned to work the next day and continued working until November 16, 1981, at which time his treating physician, Dr. Wilfred Kunze, advised him to retire. In March 1982, petitioner filed an application for accidental disability retirement benefits claiming to be permanently disabled due to the April 11, 1979 fall. After a hearing, respondent ultimately denied the application on the ground that petitioner's incapacitation was not the proximate result of that accident. This CPLR article 78 proceeding seeking to annul respondent's determination ensued and was transferred to this court. It is conceded that the incident of April 11, 1979 was an accident within the meaning of the Retirement and Social Security Law and that petitioner is physically incapacitated. Thus, the sole issue in this proceeding involves causation.

It is well established that respondent is vested with exclusive authority to determine applications for retirement benefits (Matter of Berbenich v Regan, 81 AD2d 732, affd 54 NY2d 792). When, as here, respondent is faced with conflicting medical opinions, he is authorized "to evaluate the medical testimony and to accord greater weight to one doctor's opinion over another" (Matter of Walker v Regan, 97 AD2d 878; see, Matter of Sica v New York State Employees' Retirement Sys., 75 AD2d 927, 928, affd 52 NY2d 941). Both physicians who testified at the hearing, Kunze, on behalf of petitioner, and Dr. Austin Leve, for respondent, agreed that petitioner has spondylolysis, a bone defect causing instability to the spine, that preexisted the accident of April 11, 1979. However, they disagree as to what caused this preexisting condition to become so severe as to have disabled petitioner. Kunze, who

began treatment of petitioner in January of 1981, essentially testified that the fall aggravated this preexisting condition and caused petitioner's present disability. He based this conclusion on the fact that petitioner did not experience any back problems prior to the fall and, absent any injury, the course of spondylolysis is usually gradual. Although the symptoms of spondylolysis usually become apparent after attaining age 60, Kunze agreed that it could become symptomatic at any time. Leve, who examined petitioner on August 6, 1982, characterized spondylolysis as a congenital condition and confirmed that it is the cause of petitioner's present symptomatology. He concluded, however, that while the accident may have aggravated this condition, it was only a "temporary, minor aggravation" and not a competent producing cause of the present disability. In sum, Leve testified that petitioner's disability resulted from "the natural progression of the underlying [spondylolysis] condition", not the fall. His opinion was based largely on the sequence of events following the fall, in which petitioner was able to resume working without continued treatment.

Petitioner maintains that respondent's medical expert utilized an incorrect standard of causation in assessing the impact of the April 11, 1979 fall. We disagree. In *Matter of Tobin v Steisel* (64 NY2d 254), the Court of Appeals recently instructed "that an accident which produces injury by precipitating the development of a latent condition or by aggravating a preexisting condition is a cause of that injury" (p 259). Although this is precisely how petitioner's medical report characterized the fall, respondent's expert concluded that the temporary effects of the fall had subsided, and related petitioner's disability to the natural progression of the preexisting spondylolysis condition *(see, Matter of Perrin v Baldwinsville VF Co.,* 114 AD2d 548).

Respondent was clearly authorized to credit the latter opinion *(Matter of Rovegno v Regan,* 103 AD2d 877, 878). Accordingly, we conclude that the determination is supported by substantial evidence and must be confirmed *(see, Matter of Mathews v Regan,* 69 AD2d 970, *lv denied* 48 NY2d 610).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.