■ In the Matter of ROBERT HEIM, Appellant, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered March 1, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, (1) to annul an initial determination of the Comptroller denying accidental disability retirement benefits, and (2) for prehearing disclosure of certain records pursuant to a demand under CPLR article 31. Petitioner's application for accidental disability retirement made under section 63 of the Retirement and Social Security Law was denied on June 4, 1981 on the ground that while petitioner was incapacitated for the performance of his duties, that incapacity was not the natural and proximate result of an accident sustained in the service upon which his membership was based. He requested a hearing and redetermination of his claim and at the same time sought prehearing disclosure of "all documents considered by the New York State Retirement System in making their determination." The hearing was scheduled but the request for the information was not met. Petitioner then commenced this proceeding seeking a reversal of the determi-

nation of the Comptroller denying benefits and disclosure prior to the hearing pursuant to CPLR article 31. Special Term dismissed the petition finding the determination of the Comptroller to be nonfinal and thus unreviewable and discovery pursuant to the provisions of CPLR article 31 unavailable. This appeal ensued. However, petitioner does not argue in his brief on appeal that there should be a reversal of the initial determination of the Comptroller. His argument is limited to the disclosure issues. There should be an affirmance. Special Term correctly ruled that since the administrative agency has not adopted as a rule of its own the disclosure devices of CPLR article 31, those provisions do not apply to this administrative hearing and respondent therefore cannot be compelled to furnish the discovery requested. Adoption of the disclosure provisions of CPLR article 31 by an administrative agency is not compelled by section 305 of the State Administrative Procedure Act. That section is permissive, not mandatory (see *Matter of Whalen v John P.*, 72 AD2d 961, 962). Petitioner's argument that he will be denied a fair hearing if he is not granted the discovery demanded is premature. The provisions of article 3 of the State Administrative Procedure Act as well as the New York State Retirement System's regulations (2 NYCRR 317.1 *et seq.*) are sufficient to enable petitioner to receive a fair hearing. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.