■ In the Matter of CATHERINE LEGAULT, Petitioner, v EDWARD V. REGAN et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for ordinary disability retirement benefits.

Petitioner, a mental hygiene therapy aide at St. Lawrence Psychiatric Center for 11 years, discontinued work following an injury received in a job-related incident on December 12, 1976. The Comptroller's disapproval of her application for ordinary disability benefits, following a hearing, on the ground that she

was "not permanently incapacitated for the performance of duty as a Psychiatric Attendant" has given rise to this proceeding.

Initially, we reject petitioner's argument that the determination is flawed and must be remitted for a new hearing because the hearing officer stated in his decision that he found no "clear and convincing evidence of the Applicant's permanent incapacity for the performance of duty". While we recognize the correct standard of proof requires only substantial evidence, there is no indication that petitioner was erroneously required to meet a higher standard in fulfillment of her burden of proof. Moreover, there is no indication in either the hearing officer's findings of fact and conclusions of law or in the Comptroller's ultimate determination that the erroneous standard was used.

Essentially, this case presents only a conflict in medical proof. Examination of the proof indicates that while petitioner may indeed be incapacitated, there are no objective findings of deficits or abnormalities from either the myriad of scientific tests, diagnostic procedures or the several physical examinations. Even petitioner's own physicians report it difficult to document the problem and find that it is more subjective than objective. Faced with basically normal medical reports and the absence of abnormalities or deficits, it was not unreasonable for the Comptroller to find no objective evidence of petitioner's permanent incapacity to perform her job duties. The Comptroller is vested with exclusive authority to determine applications for retirement benefits (Retirement and Social Security Law, § 374, subd b), and his determination must be upheld if supported by substantial evidence (*Matter of Rovegno v Regan,* 103 AD2d 877; *Matter of Krolowitz v Regan,* 97 AD2d 902, 903). It is the Comptroller who must resolve conflicting medical evidence and his decision to accord greater weight to the testimony of one or more doctors over another is dispositive (*Matter of Sica v New York State Employees' Retirement System,* 75 AD2d 927, 928, affd 52 NY2d 941). On this record, we find the determination holding that there was no objective evidence that petitioner was permanently incapacitated for the performance of her duties adequately supported by substantial evidence.

Determination confirmed and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.