In the Matter of EILEEN MCGRATH, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent denying petitioner's application for ordinary disability retirement benefits.

On December 29, 1980, petitioner, who was then employed as a stenographer for the Department of Motor Vehicles, filed an application for ordinary disability retirement benefits with the State Employees' Retirement System. She claimed permanent disability due to "osteoarthritis 5th and 6th vertebrae, back osteoarthritis in facet of spine; right hip, herniated disk of lumbar spine, degeneration of bones, scoliosis, low back pain". She also stated that she was being treated for "temporomandibular joint synoritis of jaw". Petitioner was examined by Dr. Fred E. Dexter on February 3, 1981 at the request of the Retirement System. In this doctor's opinion, petitioner was not permanently incapacitated. On February 22, 1982, petitioner was examined by Dr. Stephen Carney, D.D.S. In his opinion, petitioner was not permanently disabled as the result of her jaw condition.

At petitioner's request, a hearing was held at which she testified to her inability to perform her duties of employment. She also submitted a report of Dr. Jon Toussaint, an orthopedic surgeon, whose diagnosis was a degenerative disk of the lumbar spine and osteoarthritis that had "gone into the joints of the spine". In October, 1980, petitioner had spent a month in therapy at a hospital. Dexter testified that he found no degenerative disk disease, facet joint degeneration or rheumatoid arthritis. The osteoarthritis he did find was, in his opinion, clinically insignificant.

Respondent accepted the findings of Dexter and Carney, and determined that petitioner was not permanently incapacitated for the performance of her duties. This proceeding, instituted by petitioner, was transferred to this court by Special Term. The record contains conflicting medical opinions as to petitioner's

physical condition. Respondent's evaluation of such conflicting opinions must be accepted (*Matter of Curley v Regan,* 102 AD2d 939), and respondent may accord more weight to the testimony of one doctor rather than another (*Matter of Sica v New York State Employees' Retirement Sys.,* 75 AD2d 927, *affd* 52 NY2d 941). Inasmuch as respondent's determination is supported by substantial evidence in the record, it must be upheld (*Matter of Rovegno v Regan,* 103 AD2d 877).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.