■ In the Matter of JOHN HASSETT, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. —Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

The dispositive issue in this proceeding is whether substantial evidence supports respondent's determination that petitioner failed to establish that his disability was the natural and proximate result of accidents sustained in the performance of his duties as a police officer. Petitioner, a Nassau County police officer, filed an application for accidental disability retirement benefits with the State Policemen's and Firemen's Retirement System in March 1983. He alleged that he was permanently incapacitated from the performance of his duties as a police officer due to "traumatic synoritis [sic], right knee, resulting in osteoarthritis". He further claimed that this condition was caused by service-related falls which had occurred in November 1967, March 1978 and September 1981. Respondent found petitioner to be permanently incapacitated, but concluded that the disability was not the natural and proximate result of service-related accidents. Petitioner

filed a request for a hearing and redetermination of his application.

At the hearing, conflicting medical testimony developed on the issue of causation. Dr. Charles Dunbar, an orthopedic physician who had treated petitioner's knee condition since March 1978, testified that in his opinion the service-related accidents caused petitioner's disability. However, there was also medical testimony from Dr. Stephen Zolan, an orthopedic surgeon who had examined petitioner at the request of the Retirement System. He opined that he would not attribute petitioner's disability to the service-related injuries. He felt that the disability was primarily caused by daily wear and tear. The hearing officer recommended that petitioner's application be denied. Respondent subsequently issued a determination denying petitioner's application. Petitioner then commenced this proceeding.

Respondent has "exclusive authority" to determine applications for retirement benefits (Retirement and Social Security Law § 374 [b]) and his decisions must be accepted if supported by substantial evidence in the record *(see, e.g., Matter of Krolowitz v Regan,* 97 AD2d 902, 903). In cases such as this, where conflicting medical testimony is presented, respondent may credit the testimony of one doctor over another and his evaluation of such conflicting opinions must be accepted *(see, e.g., Matter of McGrath v Regan,* 109 AD2d 1007; *Matter of Revegno v Regan,* 103 AD2d 877). Here, respondent chose to credit the medical testimony of Zolan over Dunbar. Inasmuch as substantial evidence supports respondent's determination, we are constrained to uphold it.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.