■ In the Matter of JON PERRITANO, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, while employed as a police officer by the Town of North Castle, Westchester County, was injured in an automobile accident on August 18, 1982. He sustained head, neck, shoulder and back injuries and was hospitalized for a time as a result of such injuries. In March 1983, petitioner filed for accidental disability retirement benefits.

At the hearing that followed, petitioner testified that he has continued to experience neck and shoulder pain as well as intermittent headaches. He also stated that he has no feeling in his fingers and that he can no longer hold a firearm in his

shooting hand. Further, petitioner testified that he had, prior to the accident, been hospitalized for the treatment of diabetes and had begun taking insulin therefor. Two physicians, Drs. James H. Carr and Richard J. Neudorfer, testified on petitioner's behalf, and both opined that petitioner is permanently incapacitated as a result of the automobile accident. In contrast, Dr. Sidney N. Eichenholtz, the physician testifying on behalf of the New York State Policemen's and Firemen's Retirement System, testified that, based on his examination of petitioner, there was no evidence that petitioner is unable to perform those duties which he performed prior to the accident and, moreover, that some of the symptoms complained of by petitioner are more likely attributable to his diabetes rather than to the accident. Ultimately, respondent Comptroller denied petitioner's application for benefits, whereupon petitioner commenced this CPLR article 78 proceeding.

The Comptroller alone is vested with authority to determine applications for retirement benefits (Retirement and Social Security Law § 374 [b]; *Matter of Legault v Regan,* 105 AD2d 505, 506). His determination must be upheld if supported by substantial evidence *(Matter of Cunningham v Regan,* 105 AD2d 922, 923, *affd* 66 NY2d 628). Where, as here, the Comptroller is faced with conflicting medical opinions regarding an applicant's physical condition, it is well within his discretion to accord more weight to the testimony of one doctor than another, and the Comptroller's evaluation of such conflicting medical opinions must be accepted *(Matter of McGrath v Regan,* 109 AD2d 1007, 1007-1008).

Here, the testimony of Eichenholtz, who concluded that petitioner is not permanently incapacitated due to the accident, was detailed and based on his personal examination of petitioner. Respondent was fully entitled to credit the testimony of Eichenholtz over that of Carr and Neudorfer. Inasmuch as respondent's determination is supported by substantial evidence in the record, it should be confirmed *(see, Matter of Rovegno v Regan,* 103 AD2d 877, 878).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.