■ In the Matter of FRANK C. DiFEDE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner filed an application for accidental disability re-

tirement benefits. He claimed permanent incapacity to perform the duties of his position, the head custodian of the West Babylon School District in Suffolk County, as a result of accidents allegedly occurring on September 10, 1980, March 3, 1981 and April 30, 1981. The application was initially denied by respondent on the grounds that petitioner's disability was not the natural and proximate result of an accident sustained in the service upon which his membership is based and that the incidents of March 3, 1981 and April 30, 1981 did not constitute accidents within the meaning of Retirement and Social Security Law § 63.

At the request of petitioner, administrative hearings were held and testimony taken. Testimony revealed that petitioner sustained headaches as the result of an object falling on his head from a height of approximately 15 feet on September 10, 1980. Expert medical testimony was received to determine whether petitioner's permanent incapacitation is the result of this accident. In the opinion of petitioner's medical expert, severe headaches and low-back pain completely prevent petitioner from performing his usual occupation. A neurologist testified on behalf of respondent that at the time he examined petitioner there was no objective finding of a previous head injury. His diagnosis was that petitioner had some residual headaches and visual difficulties secondary to the head injury which did not constitute a significant disability. The neurologist also stated that he disagreed with the conclusion of petitioner's medical expert that petitioner's low-back pain exacerbated his headaches. He based this disagreement on the opinion that anatomically, it is very difficult for low-back pain to aggravate headaches because there is no nerve connection. Both the Hearing Officer and respondent ultimately rejected petitioner's application for accidental disability retirement benefits and this CPLR article 78 proceeding ensued.

Respondent's determination should be confirmed and the petition dismissed. The burden was on petitioner to establish that his disability was causally related to the September 10, 1980 accident (see, Matter of Sheehan v Regan, 84 AD2d 604; Matter of Schack v Levitt, 65 AD2d 881). It was conceded that petitioner's permanent disability due to his low-back condition resulted from the March 3, 1981 incident, which was found not to be an accident. Petitioner's medical expert was of the opinion that petitioner's headaches prevent him from functioning. Respondent's neurologist was of the opinion that petitioner was not permanently disabled as a result of the head injury sustained in the September 10, 1980 accident. It

was within respondent's discretion to accord greater weight to the testimony of respondent's neurologist with respect to the conflicting medical testimony *(see, Matter of Perritano v Regan,* 120 AD2d 867, 868; *Matter of Cooper v Regan,* 84 AD2d 590, 591).

We find without merit petitioner's contention that respondent's ruling, that the March 3, 1981 incident was not an accident, is incorrect because the injury was not the result of risks inherent in his assigned work. Petitioner testified that he had previously performed the task which caused his injury on March 3, 1981 unassisted when his employees were absent. He further testified that he had to prepare the auditorium/ gymnasium for the 1:00 P.M. gym class. Thus, the conclusion reached by respondent that the injury of March 3, 1981 was sustained in the performance of his expected duties is supported by substantial evidence.

We have considered petitioner's other assertions of error and find them without merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.