■ In the Matter of JAMES LAURICELLA, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which, *inter alia,* denied petitioner's application for accidental disability retirement benefits.

In September 1983, while employed by Monroe County, petitioner was involved in an altercation with his supervisor during which petitioner was pushed into a filing cabinet. In September 1984, petitioner filed applications for ordinary disability retirement benefits and accidental disability retirement benefits. The applications were based in part upon his assertion that the September 1983 altercation had injured his arm and that he suffered from diabetes. The applications were denied and petitioner requested a hearing and redetermination. At the hearing, petitioner amended his applications to include a claim for psychiatric disability. Respondent Comptroller ultimately determined that petitioner's mental incapacity rendered him eligible for ordinary disability benefits. However, the application for accidental disability benefits was denied upon the ground that petitioner failed to show that his mental condition was the natural and proximate result of a work-related accident. Petitioner commenced the instant proceeding claiming that respondents erred in not awarding him accidental disability benefits.

The Comptroller has the exclusive authority to determine applications for retirement benefits (Retirement and Social Security Law § 374 [b]; *Matter of Poormon v Regan,* 134 AD2d 659). His determination must be upheld if supported by substantial evidence *(Matter of Fernandez v New York State Employees' Retirement Sys.,* 100 AD2d 694, *lv denied* 63 NY2d 606). Petitioner argues that his expert testimony established that his mental disability, though preexisting, was so exacerbated by the September 1983 incident that the incident was the principal cause of his inability to continue work. A psychiatrist who had examined petitioner on behalf of respondent State Employees' Retirement System opined that petitioner's

condition was the result of a progressive problem. He testified that while the September 1983 altercation may have contributed to petitioner's problem, it was not the cause of his incapacity. Faced with conflicting medical testimony as to the cause of petitioner's disability, it was within the Comptroller's discretion to credit the testimony of the Retirement System's expert (see, Matter of DiFede v Regan, 130 AD2d 832; Matter of Perritano v Regan, 120 AD2d 867).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., and Harvey, JJ., concur.