■ In the Matter of JAMES L. FRAGETTI, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner is a police officer employed by the Village of Pleasantville in Westchester County. On May 16, 1983, he was injured when a vehicle backed into him while he was assigned to traffic control duties. As a result of the mishap, he sustained a knee injury for which surgery was required in December 1983. Petitioner remained unable to perform his normal duties and, in May 1984, he filed an application for accidental disability retirement benefits. Petitioner's application was initially denied and he then filed a timely request for a hearing.

At a hearing, testimony was taken from petitioner, petitioner's physician and a physician who had examined petitioner on behalf of respondent New York State Policemen's and Firemen's Retirement System. Petitioner testified that he had been unable to resume his duties as a police officer and that the Village of Pleasantville police force does not have light-duty assignments. Petitioner's physician, Eric Zitzmann, related the specifics of petitioner's injury and opined that petitioner would not be able to engage in all the normal duties of a police officer. The physician who examined petitioner on behalf of the Retirement System, Norman Reis, agreed that petitioner's current condition prevented him from engaging in all the normal activities of a police officer. He stated, however, that petitioner's condition could be corrected with proper exercise and that petitioner would then be able to perform the full range of duties of a police officer. Reis further testified that it was his opinion that the exercise program petitioner had been following was "counter-productive".

After reviewing the testimony, the Hearing Officer concluded that petitioner had failed to prove that he was permanently incapacitated for the performance of his duties. Accordingly, petitioner's application was ultimately denied by respondent Comptroller, This CPLR article 78 proceeding followed.

The authority to determine applications for retirement benefits is vested solely in the Comptroller (Retirement and Social Security Law § 374 [b]; *Matter of Perritano v Regan,* 120 AD2d 867, 868; *Matter of Berbenich v Regan,* 81 AD2d 732, *affd* 54 NY2d 792) and his determination must be upheld if supported by substantial evidence *(Matter of Hassett v Regan,* 119 AD2d 954; *Matter of McGrath v Regan,* 109 AD2d 1007, 1008). The Comptroller's evaluation of conflicting credible medical testimony is dispositive *(Matter of Colligan v Regan,* 128 AD2d 928, 929; *Matter of Reed v Regan,* 115 AD2d 938; *cf., Matter of Wygand v Regan,* 135 AD2d 1060). Here, the Comptroller chose to credit the testimony of Reis that petitioner's condition was reversible and that, with proper exercise, he should be able to perform the full range of duties of a police officer. This opinion was given unequivocally and was based on Reis' experience with similar injuries. The decision to credit this testimony was not irrational and this testimony establishes that petitioner is not *permanently* incapacitated for performance of his duties. Accordingly, the Comptroller's determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Harvey and Mercure, JJ., concur.