■ In the Matter of MARY A. POORMON, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner, a stores clerk at Newark Developmental Center in Wayne County, suffered a job-related neck injury in September 1982 while moving supplies. As a result of the injury, she was absent from her job for approximately six months. After returning to work, she reinjured her neck in September 1983. In October 1984, petitioner filed an application for ordinary disability retirement benefits claiming she was permanently disabled because of a cervical disc injury. A hearing followed and respondent ultimately determined that petitioner was not permanently incapacitated from performing her duties as a stores clerk. This proceeding ensued.

Respondent is vested with exclusive authority to determine applications for retirement benefits and his determinations must be upheld if supported by substantial evidence *(Matter of Perritano v Regan,* 120 AD2d 867, 868). Here, petitioner testified that she was no longer able to lift without pain and, since her job entailed lifting, that she was unable to perform her duties. Her personal physician agreed, stating that petitioner should not resume her position since bending and lifting caused her pain. His conclusions were based primarily upon petitioner's subjective complaints and not objective medical evidence. After performing a series of tests, the physician for the New York State Employees' Retirement System was unable to find objective evidence of petitioner's injury. It was his opinion that, even if petitioner's complaints of pain were accepted, she would probably be able to perform the task of a stores clerk. In essence, respondent was faced with a dearth of objective medical proof and conflicting medical opinions as to petitioner's capacity to return to work. Since respondent's

weighing of conflicting medical opinions is dispositive, we are constrained to uphold his determination *(see, Matter of Legault v Regan,* 105 AD2d 505).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.