■ In the Matter of MARY PETERSON, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner was employed as a mental hygiene therapy aide. In 1983 she applied for ordinary disability retirement benefits. After her claim was disapproved, a hearing was held at which medical evidence and testimony concerning petitioner's health was presented. Respondent determined that petitioner is not permanently disabled and this proceeding followed.

Respondent has exclusive authority to determine claims for ordinary retirement benefits and the determination must be upheld if supported by substantial evidence *(see, e.g., Matter of Fragetti v New York State Policemen's & Firemen's Retirement Sys.,* 139 AD2d 867, 868; *Matter of Poormon v Regan,* 134 AD2d 659). In this case, there was conflicting medical testimony concerning the extent of petitioner's cardiac condition. It was within respondent's authority to resolve this conflict *(see, supra).* Accordingly, respondent's determination that petitioner does not have a permanent disability with cardiac origins is supported by the testimony of the cardiologist for the New York State Employees' Retirement System, who examined petitioner and found that any cardiac problems did not prevent her from performing her duties as a mental hygiene therapy aide.

Respondent also concluded that petitioner failed to prove that she was permanently disabled by reason of an orthopedic disability. Petitioner's doctor testified that a wrist injury prevented her from gripping objects and disabled her from

performing her employment duties. The Retirement System's orthopedist who examined petitioner wrote with regard to her injured right hand that petitioner "is not able to function in any occupational capacity". His testimony confirmed that petitioner "has no functional utilization of that hand". This doctor could find no orthopedic cause and suggested a psychiatric exam. No such exam occurred. In view of the opinion of the Retirement System's doctor that petitioner could not use her hand and the absence of the further exam indicated as necessary, respondent's determination cannot be upheld.

Determination annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.