■ In the Matter of PATRICIA LEONE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner worked as a mental hygiene therapy aid at the West Seneca Developmental Center in Erie County from 1972 until she was injured in an unrelated automobile accident on January 15, 1984. She remained on leave until terminated one year later *(see,* Civil Service Law § 72). Following a hearing, respondent denied her application for ordinary disability retirement benefits on the ground that petitioner had failed to sustain her burden of proof showing incapacitation for the performance of her duties. This proceeding followed.

The record demonstrates that petitioner's treating physician, Dr. Lewis Conti, diagnosed her injuries essentially as sprains with the symptomatology being pain and muscle spasms. Neither Conti nor the orthopedic surgeon, the neurologist or the psychiatrist, all of whom examined and tested petitioner, reported objective findings from either their physical examinations or the sophisticated medical procedures utilized such as X rays, CAT scan, myelogram, nerve conduction test and electromyeography. Based on his examinations and the reports from the consultants, Conti opined that petitioner

was permanently disabled as the result of a hip injury and secondarily from injury to the right shoulder and arm.*

Dr. William Rogers, respondent's consulting orthopedic surgeon, examined petitioner and testified that her subjective complaints of pain were not accompanied by any objective clinical findings or positive X-ray evidence. He opined that he could not find cause for her pain and found no evidence of continuing disability from the accident.

Petitioner contends that the record lacks substantial evidence to support respondent's determination. We disagree. Respondent was faced with conflicting medical opinions as to petitioner's disability and her capacity to return to work. His evaluation and resolution of conflicting medical evidence must be accepted if supported by substantial evidence (Matter of Lauricella v New York State Employees' Retirement Sys., 136 AD2d 875; Matter of Poormon v Regan, 134 AD2d 659, 660). Little, if any, objective findings supported her allegations of pain which was the chief basis of her disability. Respondent's doctor found neither objective clinical findings nor positive X-ray evidence to cause pain and concluded that petitioner was not disabled from performing her job duties. This report and testimony was credited by respondent and provides the required substantial evidence to support the determination.

Finally, we reject petitioner's argument that respondent erred in the evaluation of the severity of her pain. The Legislature endowed respondent with "exclusive authority" to determine all applications for benefits under the State Employees' Retirement System (Retirement and Social Security Law § 74 [b]). He has the prerogative to credit certain medical evidence before him and disregard conflicting or contrary medical opinions (Matter of DiFede v Regan, 130 AD2d 832, 834; Matter of Legault v Regan, 105 AD2d 505, 506). Nor are determinations made under different statutory schemes binding upon him (Matter of Croshier v Levitt, 5 NY2d 259). Accordingly, respondent's determination is confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.

* It is noted that petitioner was 5 feet, 8½ inches tall and weighed 240 pounds. Conti testified that her size was a contributing factor to her disability and that if she lost 75 pounds, she would have less symptoms.