■ In the Matter of ANTHONY J. PEZZULO, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents. —Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner was hired by the City of Rochester in Monroe County as a firefighter in 1961. During the ensuing 26 years of employment, petitioner served as a line firefighter, a dispatcher, a clerk in the fire safety department and, finally, a photographer in the video department. During his period of employment as a firefighter, petitioner also worked as a tavern keeper and an employee of an armored car service, among other employment. Petitioner sought performance of duty disability retirement benefits based on a depressive condition. The application was disapproved on the ground that petitioner's disability was not the natural and proximate result of his work as a firefighter. Petitioner sought a hearing, at which Dr. Howard Axelrod, petitioner's psychiatrist, testified that petitioner had a preexisting condition of chronic depression which was aggravated by his employment and resulted in petitioner's disability.

Dr. Manuel Brontman, on behalf of respondent New York State Policemen's and Firemen's Retirement System, performed a psychiatric examination on petitioner, reviewed Axelrod's testimony, and testified that while petitioner suffered from depression which could have been exacerbated by his firefighting duties, such duties were not the cause of his disability. Dr. Donald Banzhaf also testified on behalf of the Retirement System. After conducting a psychiatric evaluation and mental status examination of petitioner, Banzhaf reported that "this man does not have any psychiatric disorder of sufficient magnitude that it should interfere with his ability to perform his normal tasks in the Fire Department". Concerning petitioner's incapacity and his theory that it was related

to his duties as a firefighter, Banzhaf characterized such theory as "illogical".

The Hearing Officer denied petitioner's application, concluding that there was insufficient evidence to establish that petitioner's disability resulted from his work as a firefighter. Respondent Comptroller agreed and denied the application. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination. The proceeding has been transferred to us and we confirm.

This court has consistently held that determinations as to the credibility of witnesses is within the sole power of the Comptroller and will not be disturbed on judicial review if rationally based *(see, e.g., Matter of Peterson v Regan,* 144 AD2d 843; *Matter of Hirsch v New York State Policemen's & Firemen's Retirement Sys.,* 144 AD2d 196). The sole issue presented in this proceeding is whether there is substantial evidence in the record to support the Comptroller's finding that petitioner's disability is not the natural and proximate result of an occurrence sustained in his service as a firefighter in Rochester's fire department. The testimony of the Retirement System's medical experts clearly constitutes the necessary substantial evidence to support the finding. To the extent that Axelrod's testimony conflicted with the opinions expressed by the other doctors, a question of credibility was raised which was for the Comptroller to resolve *(see, Matter of Peterson v Regan, supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.