■ In the Matter of MONA H. RAMSEUR, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner was employed as a toll collector at the George Washington Bridge by the Port Authority of New York and New Jersey. On January 29, 1982, while reporting back to work after her lunch break, petitioner slipped on a patch of ice and fell. Thereafter an application was filed for accidental disability retirement benefits alleging that, as a result of injuries she sustained in the accident, petitioner was now permanently disabled. Respondent Comptroller denied the application on the grounds that petitioner failed to sustain

her burden of proving that she was permanently incapacitated for the performance of her duties as a toll collector or that any condition from which she suffers is the natural and proximate result of her fall on January 29, 1982. Petitioner's primary argument in this CPLR article 78 proceeding is that the Comptroller's determination is not supported by substantial evidence. We disagree.

Petitioner's general surgeon testified that petitioner suffered from soft-tissue injuries which he diagnosed as "chronic low back syndrome", a condition which permanently incapacitated petitioner from performing her duties as a toll collector. In contrast, respondents' orthopedic surgeon testified that, based upon his own examination of petitioner and review of the medical records, although she was partially disabled, petitioner was not permanently incapacitated and was capable of performing her toll-collecting duties. Further, he noted that the objective clinical tests which had been performed on petitioner were normal and did not support her subjective complaints of pain. Thus, this matter presents nothing more than conflicting medical testimony concerning whether petitioner was permanently incapacitated from performing her toll-collecting duties. As this court has stated on many occasions, the Comptroller is vested with exclusive authority to evaluate conflicting medical evidence (see, Matter of Leone v Regan, 146 AD2d 869, 870; Matter of Sica v New York State Employees' Retirement Sys., 75 AD2d 927, 928, affd 52 NY2d 941). Since the testimony of respondents' orthopedic surgeon provides substantial evidence to support the Comptroller's determination, it must be confirmed. We have considered petitioner's remaining contention and find it lacks merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.