■ In the Matter of JOHN F. HEARNE, Petitioner, v COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents.— Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a former Town of Clarkstown police lieutenant in Rockland County, filed an application for accidental disability retirement benefits with respondent New York State Policemen's and Firemen's Retirement System, alleging that he

was psychiatrically disabled because of an incident or incidents that occurred in the course of his employment. The application was disapproved and petitioner requested a hearing and redetermination of this denial. At his hearing, petitioner restricted his claim to an incident occurring on December 23, 1985, which he claims caused his psychiatric disability. On that day, while on duty in an unmarked police car, petitioner became involved in the chasing of a shoplifter fleeing on foot from department store security personnel. While in pursuit, petitioner's vehicle collided with another police car. This collision was apparently very minor and caused little injury to either the vehicles or the drivers. Following this occurrence, petitioner drew his gun, exited his vehicle, cornered the suspect and fired two shots near the unarmed suspect's head at very close range. The suspect was not wounded but, after he was arrested, petitioner filed a report containing a fabricated statement that the suspect threatened him with a stick prior to his firing the shots. As a result of this incident, petitioner was indicted for reckless endangerment and altering police records, charges to which he ultimately pleaded guilty. He was suspended from the police force and, after his suspension, petitioner was admitted to a hospital where he was diagnosed and treated for depression.

Testifying on petitioner's behalf at the hearing was Dr. David Weber, a board-certified psychiatrist, who basically testified that petitioner is permanently disabled and suffers from a posttraumatic stress disorder brought about by the auto collision with the other police car on December 23, 1985 that occurred prior to the shooting incident. According to Weber, this collision was the "last straw" for petitioner, after a series of personal and professional crises, which caused petitioner "to snap". In contrast to this testimony, Dr. George Joseph, also a board-certified psychiatrist who examined petitioner at the Retirement System's request, testified that petitioner is permanently disabled and principally diagnosed the disabling condition as major recurrent depression emanating from the "total picture" of petitioner's personal and professional experiences, rather than from any one event as opined by Weber. Joseph disagreed that petitioner suffered from a posttraumatic stress disorder.

The Hearing Officer denied petitioner's application, concluding that his disability was not caused by an "accident" within the meaning of Retirement and Social Security Law § 363. Respondent Comptroller agreed and also denied his applica-

tion. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge that determination. Supreme Court transferred the proceeding to this court pursuant to CPLR 7804 (g).

We confirm. The sole issue presented in this proceeding is whether there is substantial evidence in the record to support the Comptroller's finding that petitioner's disability is not the natural end result of an accident sustained in his service as a policeman in Clarkstown's police department. The testimony of the Retirement System's medical expert provided sufficient support for that finding. When, as here, the Comptroller is faced with conflicting medical opinions, it is well within his discretion to accord more weight to the testimony of one physician over another (see, Matter of Perritano v Regan, 120 AD2d 867, 868). "This court has consistently ruled that determinations as to the credibility of witnesses is within the sole power of the Comptroller and will not be disturbed on judicial review if rationally based" (Matter of Pezzulo v Regan, 152 AD2d 795, 796; see, Matter of Peterson v Regan, 144 AD2d 843).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.