■ In the Matter of THOMAS F. HEAVEY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme

Court, entered in Albany County) to review a determination of respondent which, *inter alia,* denied petitioner's application for accidental disability retirement benefits.

Petitioner seeks reversal of respondent's denial of his application for accidental disability retirement benefits. Petitioner claimed permanent disability because of, *inter alia,* mental depression allegedly caused by an accident which occurred during the course of his employment as an Ulster County Deputy Sheriff. After an initial denial of benefits, a hearing was held during which petitioner testified to three separate altercations with inmates under his supervision at the Ulster County Jail. The last incident involved injury to petitioner's ankle and threats of violence from an inmate regarding petitioner and his daughters. Petitioner thereafter left work and sought counseling from a psychiatrist who found him unable to work.

Petitioner's expert testified that petitioner was suffering from a chronic adjustment disorder "with major depressive features" and could not perform his duties as Deputy Sheriff, a condition ascribed to the altercations at the jail. Respondent's experts testified that petitioner suffered from a very long-term mixed personality disorder and had been psychotic for a long time. According to their testimony, however, the conditions of petitioner's employment did not produce his personality disorder and the incidents at the jail did not cause or aggravate his psychiatric condition. Respondent subsequently granted petitioner benefits for ordinary disability retirement but denied benefits for accidental disability retirement.

The determination should be confirmed and the petition dismissed. Respondent is legislatively delegated with "exclusive authority" to determine eligibility for accidental disability retirement benefits *(see,* Retirement and Social Security Law § 374 [b]; *see also, Matter of Leone v Regan,* 146 AD2d 869, 870). This authority includes the evaluation and crediting of conflicting medical testimony *(see, Matter of Leone v Regan, supra; Matter of Lauricella v New York State Employees' Retirement Sys.,* 136 AD2d 875; *Matter of DiFede v Regan,* 130 AD2d 832), the resolution of which must be accepted if supported by substantial evidence *(see, supra).* In this instance, the record supports respondent's discretion in denying benefits based on the creditable expert testimony. We reject petitioner's contention that respondent failed to properly consider the aggravating effects that the inmate altercations had on what petitioner argues is a "latent" condition. In our view, that

issue was thoroughly addressed at the hearing. We have considered petitioner's remaining arguments and find them meritless.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.