In the Matter of SENECA FOODS CORPORATION, Petitioner, v THOMAS C. JORLING, as Commissioner of State of New York Department of Environmental Conservation, Respondent.—Determination (denominated order) unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner Seneca Food Corporation owns food-processing

plants in East Williamson and Marion, Wayne County, New York, for which the Department of Environmental Conservation (DEC) issued State Pollutant Discharge Elimination System (SPDES) permits authorizing the discharge of certain levels of industrial effluent into certain tributaries and into the groundwater. DEC alleged in its amended complaint that on five occasions petitioner discharged unauthorized industrial waste from its Marion and East Williamson facilities in violation of ECL articles 11 and 17 and the SPDES permits. After a hearing, respondent found that petitioner had committed the violations alleged in the amended complaint and assessed a penalty of $46,000. Petitioner commenced the instant CPLR article 78 proceeding which was transferred to this court pursuant to CPLR 7804 (g).

Initially, we find no merit to petitioner's assertion that DEC willfully and deliberately failed to comply with petitioner's disclosure demand, and thus dismissal of the amended complaint pursuant to CPLR 3126 is not warranted. The DEC has not adopted the provisions of CPLR 3126 into its adjudicatory process nor is it required to do so (see, State Administrative Procedure Act § 305; Matter of Heim v Regan, 90 AD2d 656, 657). Consequently, that provision is not applicable to this administrative proceeding. In any event, CPLR 3126 requires a willful refusal by the party from whom disclosure is requested before preclusion, dismissal or sanctions will be ordered (see, Queens Farms Dairy v Consolidated Edison Co., 63 AD2d 696, 698).

Petitioner's argument that the Administrative Law Judge improperly admitted exhibit 52 into evidence because it had not been properly identified or authenticated as a record kept in the general course of its business is without merit. Exhibit 52 was a table of self-monitoring water discharge data identified by petitioner's attorney as a company record which petitioner was required by law to prepare, maintain and submit to DEC.

Finally, we conclude that respondent's determination that petitioner was guilty of violating its SPDES permits, various provisions of the Environmental Conservation Law and the regulations promulgated thereunder, as alleged in the amended complaint, is supported by substantial evidence. The testimony of the several DEC employees, largely uncontroverted, established that the violations occurred (see, Matter of Haines v Flacke, 104 AD2d 26, 31). (Article 78 proceeding transferred by order of Supreme Court, Livingston County,

Cicoria, J.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.