■ In the Matter of BERNARD GREBLESKI, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

It was for respondent to resolve the conflicting medical evidence before him and he was free to accord greater weight to the testimony of one physician over another (see, Matter of Shannon v Regan, 180 AD2d 862; see also, Matter of Legault v Regan, 105 AD2d 505). Here, although petitioner's physician testified that petitioner's disability was permanent and that petitioner could not perform his duties as a correction officer, he admitted that he did not have specific knowledge of what

petitioner's duties involved. He also admitted that his opinion was based predominantly on what petitioner told him and that he had no data to refute or support any relationship of petitioner's symptoms to his 1973 injuries. In contrast, the physician testifying for the State Employees' Retirement System stated that petitioner's condition would produce only a mild disability in the performance of his duties and was also not the result of injuries to his back in 1973. Furthermore, although the physician admitted that based on some underlying arthritic trauma petitioner could possibly have suffered a temporary aggravation, he also stated that this was not the case for a permanent aggravation.

Under these circumstances and based on the record before us, there is substantial evidence to support respondent's conclusion that petitioner failed to sustain his burden of proving that he was permanently incapacitated from performing his duties or that his present condition was the proximate result of the incidents that took place in 1973 (see, State Administrative Procedure Act § 306 [1]; *Matter of Ramseur v Regan,* 154 AD2d 869). Petitioner's remaining contentions have been considered and rejected for lack of merit.

Weiss, P. J., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.