■ In the Matter of LINDA DELSON, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany

County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner's claim that her due process rights have been violated has been raised for the first time in this proceeding. Because "[c]onstitutional objections must be raised at the administrative level or they are not available to attack the [administrative] determination in subsequent judicial proceedings" *(Matter of Celestial Food Corp. v New York State Liq. Auth.,* 99 AD2d 25, 27; *see, Matter of Wallace v Regan,* 105 AD2d 586), this contention has not been preserved for our review. In any event, upon our examination of the record, we find no violation of petitioner's due process rights. The fact that petitioner did not receive the medical reports of the physicians consulted by the State and Local Employees' Retirement System did not violate 2 NYCRR 317.8 insofar as she failed to furnish the Retirement System with a copy of her physician's report prior to the hearing. In addition, this regulation was sufficient to enable petitioner to receive a fair hearing *(see, Matter of Heim v Regan,* 90 AD2d 656). Petitioner's remaining arguments on this point have been considered and rejected.

Turning to the merits, it was for respondent to evaluate the conflicting medical evidence and he was free to accord greater weight to the opinion of one physician over another *(see, Matter of Foresta v New York State Policemen's & Firemen's Retirement Sys.,* 95 AD2d 893). The medical evidence revealed that petitioner suffered from chronic fatigue syndrome and an Epstein-Barr viral infection. Petitioner's physicians opined that she could not perform her duties and that she was permanently disabled. The physician for the Retirement System, however, came to the opposite conclusion, stating that petitioner's illness would "subside after a finite period" and that she could perform all of her duties. A psychiatrist for the Retirement System also ruled out any psychiatric disability. Because there is substantial evidence to support respondent's conclusion that petitioner failed to sustain her burden of proving that she was permanently incapacitated from performing her duties, the denial of her application for ordinary disability retirement benefits must be upheld *(see, Matter of Fragetti v New York State Policemen's & Firemen's Retirement Sys.,* 139 AD2d 867; *Matter of McGrath v Regan,* 109 AD2d 1007).

Weiss, P. J., Yesawich Jr., Levine, Crew III and Mahoney,

JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.