■ In the Matter of LARRY HARVEY, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [654 NYS2d 878] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for ordinary disability retirement benefits and accidental disability retirement benefits.

On October 28, 1992, petitioner applied for ordinary and accidental disability retirement benefits based upon injuries he allegedly sustained to his neck and back while employed by the State. When his applications were disapproved, petitioner requested a hearing. Following the hearing, respondent denied petitioner's applications, finding, *inter alia*, that he was not

permanently incapacitated from the performance of his duties as a developmental aide. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination.

Respondent's determination must be confirmed. Medical testimony regarding petitioner's disability was provided by Lori Hudzinski, petitioner's treating physician, and Gaspare Alfano, on behalf of the New York State and Local Employees' Retirement System. Hudzinski testified that she first saw petitioner for pain in his lower back in October 1991. She stated that he had a limited range of motion bending backward, forward and to each side and that he did not have a right ankle reflex. She found him to be suffering from spondylolisthesis of the lumbar spine, hypothyroidism, peptic ulcer disease and degenerative disc disease of the cervical and thoracic spine. She stated that petitioner could not lift more than 25 pounds above his waist, walk on hills or inclines, do any repetitive bending or a significant amount of forward flexion or extension, or lift or restrain patients, and that these limitations, which are permanent, prevent petitioner from performing the duties of a developmental aide.

Alfano testified that his examination revealed that petitioner had a normal gait and did not appear to be in any distress. He also noted that when petitioner was standing, he appeared to have a mild to moderate flattening of the lumbar lordosis and a moderate restriction of the intersegmental movement of the lumbar spine. After performing a neurological examination of petitioner and reviewing petitioner's medical records, Alfano found that petitioner suffered from spondylolisthesis as well as scoliosis of the thoracic spine, conditions he felt were congenital in nature. Unlike Hudzinski, however, Alfano opined that petitioner's condition did not permanently incapacitate him from performing the duties of a developmental aide.

It is within respondent's province to evaluate the conflicting testimony of these medical experts (*see, Matter of Longendyke v Regan*, 195 AD2d 695, 696), and his decision to credit Alfano's testimony, not being irrational, is entitled to deference (*see, Matter of Hearne v Comptroller of State of N. Y.*, 159 AD2d 756, 758; *Matter of Pezzulo v Regan*, 152 AD2d 795, 796, *lv denied* 74 NY2d 616). And, inasmuch as that testimony provides ample support for the finding that petitioner was not permanently incapacitated from performing the duties of a developmental aide, the mere fact that Hudzinski opined otherwise is of no moment (*see, Longendyke v Regan, supra*, at 696). Since our resolution of this issue is dispositive of both of petitioner's applications (*see*, Retirement and Social Security Law §§ 62, 63), we need not address his remaining contentions.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.