■ In the Matter of KATHERYN DEMILO-FYTROS, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, Respondent. [710 NYS2d 458] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

In May 1989, petitioner was involved in a motor vehicle accident during the course of her employment as a police officer for the City of Mount Vernon in Westchester County. Diagnostic tests conducted soon after the accident revealed no abnormalities of petitioner's spine. Thereafter, however, petitioner missed several periods of work due to intermittent lower back pain until she ultimately ceased working altogether in 1995. At that point, petitioner applied for accidental disability retirement benefits alleging that she was permanently incapacitated from performing her duties as a result of lower back pain caused by a disc herniation sustained in the May 1989 accident. Following a hearing at which conflicting medical evidence was presented, respondent denied the application on the ground that petitioner failed to demonstrate that she was permanently incapacitated from work as the natural and proximate result of the May 1989 accident. Petitioner appeals.

Initially, petitioner contends, for the first time in this proceeding, that respondent violated State Administrative Procedure Act § 307 (2) by engaging in ex parte communications with the attorney for the New York State and Local Employees' Retirement System prior to rendering the determination. To the extent that this argument is preserved for our review, we reject it as lacking in merit. Unlike in the cases relied upon by petitioner, the record is devoid of any evidence that respondent communicated with the Retirement System, either directly or indirectly, with regard to any issue of fact or law without prior notice to petitioner (cf., Matter of Meislahn v McCall, 264 AD2d 957; Matter of LePore v McCall, 262 AD2d 919; Matter of Kaiser v McCall, 262 AD2d 920). Notably, there is no indication that the attorney for the Retirement System drafted the findings of fact, conclusions of law and final determination ultimately signed on behalf of respondent in this matter. Accordingly, we are not persuaded that the procedures followed in this case "created such an appearance of impropriety and bias to warrant an annulment of the determination" (Matter of LePore v McCall, supra, at 920).

Addressing the merits, orthopedic surgeon David Tucker examined petitioner and reviewed her medical history on behalf

of the Retirement System. While an MRI study performed on petitioner's spine in 1995 disclosed a small herniated disc, the disc herniation did not appear on MRIs taken in 1989 and 1992, leading Tucker to conclude that petitioner did not sustain the disc herniation until sometime in 1995. Based upon these findings, Tucker opined that the May 1989 accident did not cause petitioner to suffer any disability that would permanently incapacitate her from performing her employment duties. In our view, this proof provides substantial evidence to support respondent's determination that petitioner was not permanently incapacitated from work as the natural and proximate result of the May 1989 accident (see, Matter of Arimento v McCall, 211 AD2d 958; Matter of Ramseur v Regan, 154 AD2d 869, 870), notwithstanding that the record may contain medical evidence to support a contrary conclusion (see, Matter of Troidl v McCall, 212 AD2d 930; Matter of Sullivan v Regan, 206 AD2d 788).

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.