■ In the Matter of JOHN PENNETTA, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [772 NYS2d 405]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a firefighter/emergency medical technician employed by the Village of Pelham, Westchester County, injured his right knee on July 9, 1996 when he slipped on the fire station floor while running to answer the emergency telephone. Arthroscopic surgery was performed in October 1996. Petitioner returned to work in August 1998 but stopped after less than two weeks, reporting that his knee injury continued to prevent him from performing his duties. Petitioner's application for performance of duty disability retirement benefits (*see* Retirement and Social Security Law § 363-c), filed in February 2001, was disapproved on the ground that he failed to sustain his burden of proving that his injury rendered him permanently disabled for the performance of his employment-related duties.

At the administrative hearing that ensued, petitioner testified, and reports and records prepared by four physicians, each

of whom had examined petitioner and reviewed his medical history, were presented for review by the Hearing Officer who ruled that petitioner had failed to sustain his burden of proving that his disability precluded him from performing his work-related duties. That decision was affirmed by respondent, giving rise to this CPLR article 78 proceeding.

Our precedent dictates that we confirm respondent's determination and dismiss this petition. Respondent has exclusive authority to determine all retirement applications (*see* Retirement and Social Security Law § 374 [b]) and his decision must be accepted if supported by substantial evidence in the record (*see Matter of Hassett v Regan*, 119 AD2d 954 [1986]). Respondent also has "exclusive authority to evaluate competing medical opinions and to credit the opinion of one medical expert over another" (*Matter of Manney v McCall*, 302 AD2d 841, 841 [2003], *lv denied* 100 NY2d 511 [2003]). Here, orthopedic surgeon Leon Sultan found no evidence of instability in petitioner's right knee, any problems thereto being caused by petitioner's preexisting osteoarthritis, his obesity and his age-related degenerative condition. While other physicians gave contrary opinions that petitioner's injury permanently incapacitates him from returning to work, substantial evidence supports respondent's decision, as Sultan's report is well founded on his personal examinations of petitioner and his review of petitioner's records and contrary medical reports. Thus, his opinion is credible evidence upon which respondent may rely (*see Matter of Harper v McCall*, 277 AD2d 589 [2000]).

Peters, J.P., Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.