■ In the Matter of DONALD J. CAPPARELLA, Petitioner, v H. CARL MCCALL, as State Comptroller, Respondent. [776 NYS2d 624]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

On December 12, 1999, petitioner, a sergeant with the Village of Dobbs Ferry Police Department in Westchester County, was checking the equipment in his patrol car. As part of that check, petitioner had to lift a portable oxygen unit out of the car's trunk. The unit was caught on a first aid kit, however, and as petitioner attempted to lift it, he experienced pain in his right elbow and numbness in his right hand. Petitioner was examined at a hospital and returned to work on light duty approximately one week later. Arthroscopic surgery on his right elbow was performed in May 2000. After his symptoms worsened, petitioner stopped working in November 2000. Petitioner returned to work on light duty in November 2001, and left entirely in February 2002.

Petitioner's application for performance of duty disability retirement benefits (*see* Retirement and Social Security Law § 363-c), filed in October 2000, was disapproved on the ground that he had failed to meet his burden of showing that he was permanently incapacitated for the performance of his duties. Following an administrative hearing, a Hearing Officer agreed.

The Hearing Officer's decision was affirmed by respondent, giving rise to this CPLR article 78 proceeding.

Substantial evidence, which means some credible evidence in this setting (*see Matter of Davenport v McCall*, 5 AD3d 850, 851 [2004]), supports respondent's determination. Petitioner's treating physician concluded that petitioner was totally disabled from performing the duties of a police officer. Another physician concluded that petitioner was disabled from performing the duties of his job and would "probably never be able to return to active duty as a police officer." Physicians who conducted independent medical examinations of petitioner concluded that he suffered from a mild partial disability, but was capable of doing some work. Similarly, based on his examination of petitioner and review of petitioner's records, John Buckner, a board-certified orthopedic surgeon, concluded that petitioner had a mild partial injury that did not prevent him from performing his usual duties.* Respondent's authority to evaluate those competing medical opinions is exclusive (*see id.*; *Matter of Pennetta v McCall*, 4 AD3d 729, 730 [2004]). As substantial evidence supports respondent's determination, it must be upheld (*see Matter of Davenport v McCall, supra* at 851).

We have examined petitioner's remaining contentions and find them either academic or without merit.

Spain, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* We note that Buckner stated at the hearing that he had considered a report by physician Lawrence Schulman and that it did not change his conclusion, notwithstanding petitioner's claim that Buckner never reviewed the report.