■ In the Matter of ANGELA MAIORANO, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [912 NYS2d 312]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner, a police officer, sustained a knee injury in 2001 while affecting an arrest. She underwent surgery in 2002 and her symptoms initially improved. Due to worsening pain and other symptoms, however, petitioner moved to a light duty assignment in 2004 and applied for accidental disability retirement benefits in 2005. After a hearing, a Hearing Officer denied her application, finding that she was not permanently incapacitated from performing the duties of a police officer. Respondent Comptroller adopted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

As substantial evidence supports the Comptroller's determination, we confirm. An orthopedic surgeon who reviewed petitioner's medical records and physically examined her on behalf of respondent New York State and Local Employees' Retirement System opined that petitioner's knee injury did not permanently incapacitate her from performing her duties as a police officer. Petitioner disputes that opinion, arguing that her work assignment involved physical demands exceeding those

normally encountered by police officers.* The surgeon was made aware of those additional demands, however, and rejected any suggestion that petitioner could not perform them. Indeed, he stressed that his examination disclosed no objective evidence of any disability and that individuals who undergo the type of knee surgery performed on petitioner typically recover fully. While petitioner's treating physician disagreed, such presented a credibility issue for the Comptroller, who appropriately relied upon the surgeon's opinion in denying petitioner's application (*see Matter of Eddie v DiNapoli*, 72 AD3d 1326, 1327 [2010]; *Matter of Clorofilla v Hevesi*, 38 AD3d 1126, 1126-1127 [2007]).

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner had requested a more strenuous work assignment and she acknowledged that, were she medically cleared to perform full duty police work, she could seek an assignment involving normal police duties.