■ In the Matter of PETER CANTONE, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [920 NYS2d 839]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Petitioner injured his left knee in March 1997 while working as a water treatment plant operator. Seven months later, he

returned to light duty work and filed an application for accidental disability retirement benefits. Although respondent initially determined that no accident occurred, we annulled and remitted the matter for further proceedings (*Matter of Cantone v McCall*, 289 AD2d 863 [2001]). Additional hearings were held and the application was then denied on the ground that petitioner was not permanently incapacitated from performing his regular job duties. We again annulled, however, because the Hearing Officer failed to consider the testimony taken at the initial hearings in rendering his decision (*Matter of Cantone v DiNapoli*, 50 AD3d 1307 [2008]). Upon remittal, a new Hearing Officer was designated and provided with the transcripts and exhibits for review without notice to petitioner or counsel for respondent. After a review of the full record of proceedings, the new Hearing Officer issued a decision in December 2008 finding that petitioner was not permanently incapacitated from performing his job duties. Due to an apparent misfiling, the parties were not notified of the decision until a final determination confirming it was issued in February 2010. This proceeding ensued.

Initially, we find no merit in petitioner's contention that the procedure on remittal necessarily involved improper ex parte communication between the New York State and Local Retirement System and the Hearing Officer. Nothing in the record indicates that there was any communication between the Hearing Officer and counsel for the Retirement System with regard to any issue of law or fact (*see Matter of Demilo-Fytros v McCall*, 274 AD2d 653, 653 [2000]; *cf. Matter of LePore v McCall*, 262 AD2d 919, 920 [1999]). Nor was State Administrative Procedure Act § 307 (2) violated, as it permits the Hearing Officer to communicate with an agency's staff for purely administrative purposes. Further, since our remittal did not contemplate the submission of any new evidence, petitioner was not denied due process by the Hearing Officer's failure to seek any new input from him.

Next, contrary to petitioner's contention that he was improperly judged on the basis of a light duty job description, the record reveals that the orthopedists who examined petitioner on behalf of the Retirement System, John Mazella and Robert Hendler, were aware of petitioner's duties and concluded that he was able to perform them. Mazella testified that petitioner was able to lift 50 pounds as long as it was not repetitive and continuous, put no restrictions on petitioner lifting bags that weighed 125 pounds "a few times a day" and stated that petitioner could climb vertical ladders "as many times as he

wanted to." Hendler reviewed petitioner's complete job description and opined that petitioner's disability was mild and he was able to do his job. Although petitioner's treating physician testified that petitioner was unable to perform his job duties as a result of his knee injury, his opinion was discounted based upon his written comments indicating that petitioner's injury was mild and that his subjective complaints were not supported by the objective findings. According due deference to that credibility determination (*see Matter of Wilson v New York State & Local Police & Fire Retirement Sys.*, 53 AD3d 762, 763 [2008]; *Matter of Harvey v McCall*, 237 AD2d 863, 864 [1997]), we are satisfied that the testimony and reports submitted by the Retirement System constitute substantial evidence supporting respondent's determination (*see Matter of Maiorano v New York State Comptroller*, 78 AD3d 1462, 1463 [2010]; *Matter of Stern v DiNapoli*, 57 AD3d 1076, 1077-1078 [2008]).

Peters, J.P., Spain, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.