Mercure, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for performance of duty disability retirement benefits.
*1198 Petitioner, a correction officer, was injured in 2006 while subduing an inmate who attacked another officer. Although petitioner attempted to return to work at full duty, he continued to have pain and lost time, and was eventually placed on light duty. Thereafter, petitioner filed an application for performance of duty disability retirement benefits. Following a hearing, the Hearing Officer denied the application on the basis that petitioner was not permanently incapacitated from the performance of his duties as a correction officer. Upon review, respondent Comptroller upheld the determination, and this CPLR article 78 proceeding ensued.
In order to establish entitlement to performance of duty disability retirement benefits, petitioner was required to demonstrate that, at the time his application was filed, he was permanently incapacitated from performing his job duties as a correction officer (see Retirement and Social Security Law § 363; Matter of Savio v Hevesi, 27 AD3d 1002, 1003 [2006]; Matter of Capparella v McCall, 7 AD3d 875, 875 [2004]). In that regard, petitioner presented his own testimony as well as that of his treating physician, who opined that petitioner suffered pain and permanent loss of range of motion in his neck and low back, resulting in a permanent disability that prevented him from performing his job duties. In contrast, a physician who examined petitioner and reviewed the relevant medical records on behalf of respondent New York State and Local Employees’ Retirement System testified that, at the time of his examination, petitioner did not suffer any disability rendering him unable to perform the regular duties of a correction officer. Inasmuch as resolution of conflicts in the medical evidence rests with the Comptroller, who reasonably credited the opinion of the Retirement System’s expert after considering all of the medical evidence, we conclude that substantial evidence supports the Comptroller’s determination (see Matter of Savio v Hevesi, 27 AD3d at 1003; Matter of Zindell v Hevesi, 27 AD3d 996, 997 [2006]; Matter of Capparella v McCall, 7 AD3d at 876).
Rose, McCarthy and Garry, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.