■ In the Matter of SIGNET CONSTRUCTION CORP., Petitioner, v HARRISON GOLDIN, as Comptroller of the City of New York, Respondent. — In this CPLR article 78 proceeding transferred to this court pursuant to CPLR 7804 by an order of the Supreme Court, New York County (Blyn, J.), entered November 24, 1982, the determination of the comptroller of the City of New York dated April 29, 1982, which found that petitioner-appellant Signet Construction Corp. had willfully violated section 220 of the Labor Law, and further found that certain of Signet's employees were due a total of $4,994.02 because Signet had not paid prevailing wages, is unanimously annulled, on the law and the facts, and remanded to the comptroller for further proceedings, without costs and without disbursements. Petitioner-appellant Signet was awarded a contract by the Board of Education of the City of New York to do asbestos abatement work at P.S. 74 in Queens. Thereafter, two unions complained to the comptroller that Signet violated section 220 of the Labor Law by not paying the prevailing rate of wage and not providing the prevailing benefits for the classification of work performed. Hearings were held before Sherwin Weiss, who at the time of the hearings and at present is an employee of the respondent comptroller. During the course of the hearings, the respondent's file jacket, containing the original claim examiner's notes on the investigation

made prior to the hearing, was introduced into evidence. Some of these notes stated: "9/10/80 went to Mr. Weiss and discussed the case — concentrate on the initial complaint — sent notice to bring in books and records 9/25/80. 6/2/81 discussed case on meeting with Joe, Tommy, Dan, Weiss & union." The "Weiss" in the notes apparently is the hearing officer who subsequently ruled that petitioner had willfully violated section 220 of the Labor Law. Petitioner argues in this proceeding that the hearing examiner violated administrative due process, that his determination was not supported by substantial evidence, and that the comptroller lacked jurisdiction. We reverse solely on the issue of impermissible ex parte contacts, and do not reach the other issues. The notes on the file jacket indicate that the hearing examiner engaged in ex parte contacts with respondent's trial counsel before the hearing began. Such contacts are in violation of administrative procedural due process and mandate an annulment of the comptroller's determination. (See Strauss, Disqualifications of Decisional Officials in Rulemaking, 80 Col L Rev 990; see, also, *Brown v United States,* 377 F Supp 530, 539; State Administrative Procedures Act, § 307, subd 2.) Concur — Kupferman, J. P., Sullivan, Ross and Alexander, JJ.