■ In the Matter of ANTHONY LePORE, Petitioner, v CARL McCALL, as Comptroller of the State of New York, Respondent. [694 NYS2d 185] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for disability retirement benefits.

Petitioner, a police officer for the Village of Nyack in Rockland County since 1986, was involved in an automobile accident on May 11, 1989 during the course of his employment. He immediately began treatment with Lawrence Forgacs, a chiropractor, and ultimately returned to work in June 1989. With his attendance at work "sporadic" due to his perceived pain and limited mobility, he ultimately ceased work as of December 15, 1989. In August 1994, he filed applications for accidental and performance of duty disability retirement benefits. After the initial disapproval of the applications in April 1995, he filed a timely request for a hearing and redetermination.

Testimony of both petitioner and Forgacs was taken in January 1996. The Hearing Officer was replaced for subsequent hearings held in May and August 1996, at which testimony was received from Annarose Polifrone, a practicing physician in the field of physical medicine and rehabilitation. Both Forgacs and Polifrone testified that the injuries that petitioner suffered from the automobile accident are permanent.

The New York State Police and Fire Retirement System presented the testimony of David Tucker, an orthopedic surgeon, who opined, after his examination of petitioner and his review of, inter alia, petitioner's medical history, other medical and MRI reports and the accident report, that there were no findings to state with any degree of medical certainty that petitioner's accident was the competent producing cause of his current condition. Upon the conclusion of all testimony, the Hearing Officer rendered a decision recommending that petitioner's applications be denied.

It appears undisputed that, on or about April 7, 1997, the Hearing Officer sent his decision to the attorney for the Retirement System but not to petitioner's attorney. Upon the Hearing Officer's request, the Retirement System attorney drafted the findings of fact, conclusions of law and final determination in this matter and sent it back to the Hearing Officer, who then signed it for respondent on July 25, 1997 and returned the determination to the Retirement System's attorney. It was not until August 29, 1997 that the decision of the Hearing Officer and respondent's determination were first sent to petitioner's attorney.

Respondent commenced this CPLR article 78 proceeding seeking a review of the determination rendered, contending that it was not supported by substantial evidence and that he was denied due process by the Hearing Officer's clear and flagrant violation of State Administrative Procedure Act (hereinafter SAPA) § 307 (2), which prohibits ex parte communications.

Notwithstanding respondent's contention that the decision of the Hearing Officer did not differ significantly from the final determination ultimately rendered by respondent, we find that the procedure employed not only violated SAPA § 307 (2) but also created such an appearance of impropriety and bias to warrant an annulment of the determination (*see, Matter of General Motors Corp.—Delco Prods. Div. v Rosa*, 82 NY2d 183, 188; *Matter of Kaiser v McCall*, 262 AD2d 920 [decided herewith]). Having no need to review the sufficiency of the evidence presented, we hereby remit the matter to respondent for a de novo determination on the record presented (*see, Matter of Wayering v County of St. Lawrence*, 140 AD2d 838, 840).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is annulled, with costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.