■ In the Matter of STEVEN KAISER, Petitioner, v CARL MC-CALL, as Comptroller of the State of New York, Respondent. [692 NYS2d 515] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

In November 1992 petitioner, then employed as a police sergeant for the Town of Ramapo in Rockland County, sustained certain injuries to his neck and back following an attack

by a suspect in police custody. Thereafter, in May 1995, petitioner applied to the New York State and Local Police and Fire Retirement System for both accidental and performance of duty disability retirement benefits. Initially, the Retirement System denied petitioner's respective applications based upon a finding that he was not permanently incapacitated from the performance of his duties. In January 1996, however, the Retirement System issued amended determinations, finding that although petitioner indeed was permanently incapacitated, such disability was not causally related to his employment. Accordingly, the Retirement System again denied petitioner's applications for benefits. At the conclusion of the administrative hearing that followed the Hearing Officer, crediting the testimony offered by the Retirement System's medical expert as to causation, denied petitioner's respective applications. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul respondent's determination.

We agree with petitioner that the procedure employed in drafting the challenged determination violated State Administrative Procedure Act § 307 (2) which, except in circumstances not relevant here, bars ex parte communications. Respondent concedes that after the Hearing Officer rendered his written decision in this matter, he forwarded a copy of such decision only to the Retirement System's attorney, who, in turn, drafted the final determination for respondent's signature and returned same to the Hearing Officer. After the Hearing Officer signed the determination on behalf of respondent, he again forwarded a copy only to the Retirement System's attorney. Although petitioner's counsel eventually did receive copies of both the Hearing Officer's decision and respondent's determination, we conclude that such procedure indeed denied petitioner due process.

Even accepting, as respondent contends, that petitioner was in no way prejudiced by this procedure, the fact remains that this method of drafting final determinations not only plainly violates State Administrative Procedure Act § 307 (2) but, further, creates the appearance of impropriety (*see, Matter of LePore v McCall*, 262 AD2d 919 [decided herewith]). Accordingly, we remit this matter to respondent for a de novo determination upon the existing record. In light of our decision in this regard, we need not address petitioner's claim that the underlying determination is not supported by substantial evidence.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the determination is annulled, with costs,

petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.