■ In the Matter of STEVEN KAISER, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [731 NYS2d 540] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a police sergeant, filed applications for accidental and performance of duty disability retirement benefits based upon cervical and lumbar injuries that he sustained in a November 1992 incident at work. The applications were initially denied in January 1996 on the ground that petitioner was not permanently incapacitated for the performance of his duties as a police sergeant. Shortly thereafter, an MRI revealed a herniated disc in the lumbar region of petitioner's back and, upon review of the MRI films, the orthopedic expert for the State and Local Retirement Systems concluded that petitioner was permanently disabled by the herniated disc. The expert further concluded, however, that there was no causal relationship between the herniated disc and the November 1992 incident. By amended initial determinations issued in August 1996, petitioner's applications were denied on the ground that, although he was incapacitated for the performance of duties, the disability was not the natural and proximate result of an accident sustained in service. Petitioner requested a hearing and redetermination and, in this CPLR article 78 proceeding, seeks review of respondent's determination concluding that petitioner's permanent incapacity was not caused by the November 1992 incident.

It is important to note that petitioner's applications were based on cervical and lumbar injuries sustained in the November 1992 incident, and he presented expert medical evidence that the injury to his cervical spine and the injury to his lumbar spine each was sufficient in and of itself to permanently incapacitate him. Although the determination is not at all clear, it appears that the finding of permanent incapacity was based solely upon the lumbar injury and that respondent

focused exclusively on the causal relationship between that injury and the November 1992 incident. As a result, there has been no finding with regard to either the impact of the cervical injury on petitioner's capacity to perform the duties of police sergeant or, if so, the causal relationship between that injury and the November 1992 incident. Resolution of that issue is a matter for respondent in the first instance and, in the absence of the required finding, the determination is insufficient to permit intelligent review of the denial of petitioner's applications. The appropriate remedy is to annul the determination and remit the matter to respondent to render a determination that is sufficient to permit our review (*see, Matter of Johnson v McCall*, 281 AD2d 730).

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.