(January 20, 2004)

■ In the Matter of PETER M. RIVERA et al., Appellants, v PEDRO ESPADA, JR, Respondent, et al., Respondents, and THE SENATE OF THE STATE OF NEW YORK, BY JOSEPH BRUNO, AS SENATOR, Intervenor-Respondent. [771 NYS2d 25]—

Order, Supreme Court, Bronx County (Robert Seewald, J.), entered September 9, 2002, which, to the extent appealed from as limited by the brief, following remittitur by the Court of Appeals (98 NY2d 422 [2002]), denied the petition to cancel respondent's enrollment in the Bronx County Democratic Party based upon a redetermination by the Chairman of the Bronx County Democratic Committee, unanimously affirmed, without costs.

While there may have been sufficient evidence to support the redetermination that respondent was not in sympathy with the principles of the Democratic Party, that determination was tainted by the ex parte communication between Howard Vargas and the hearing officer, the Chairman of the Bronx County Democratic Committee, and Vargas's involvement in crafting the Committee Chairman's redetermination (*see Matter of LePore v McCall*, 262 AD2d 919 [1999]; *Matter of Kaiser v McCall*, 262 AD2d 920 [1999]; *Matter of Signet Constr. Corp. v Goldin*, 99 AD2d 431, 432 [1984]). While it is not entirely clear that, as the IAS court held, Vargas acted as cocounsel for petitioners, it is undisputed that he participated in the proceedings on petitioners' behalf and submitted an affirmation in support of their position. Additionally, the determination was infected by the Committee Chairman's financial contribution to

and public endorsement of the candidacy of respondent's opponent in the pending primary campaign of 2002.

Given the statutory designation of the County Committee Chairman or his committee designee as the hearing officer (Election Law § 16-110 [2]), it is unrealistic to expect that the determination reached would be totally free of bias. Having the determination regarding the cancellation of a party member's enrollment made by a chairman of the party county committee is one thing, but having such determination made by a chairman who has given financial support to and endorsed the candidacy of the party member's opponent in a pending primary contest and who, in fashioning his determination, has sought, ex parte, the counsel of an attorney who participated in the proceeding on behalf of the party member's adversary, goes beyond the pale of any notion of a "just" determination.

The court did not exceed the scope of the remittitur in considering whether the redetermination was "just" (Election Law § 16-110 [2]; see *Rudiger v Coleman*, 228 NY 225 [1920]). The remittitur from the Court of Appeals clearly contemplated further proceedings and a redetermination by the County Committee Chairman is not self-executing. The statute provides that the cancellation of a party member's enrollment must be ordered by a Supreme Court justice (Election Law § 16-110 [2]).

We have considered petitioners' other arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Andrias and Sullivan, JJ.